IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ULTRATEC, INC. and CAPTEL, INC.,

                                      OPINION AND ORDER

        Plaintiffs,

                                      13-cv-346-bbc

    v.

SORENSON COMMUNICATIONS, INC.
and CAPTIONCALL, LLC,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiffs Ultratec, Inc. and CapTel, Inc. contend that defendants Sorenson Communications, Inc. and CaptionCall, LLC have made products and services that infringe eight of Ultratec's patents that are licensed by CapTel. Defendants answered plaintiffs' contentions by denying infringement and challenging the validity of plaintiffs' patents and by counterclaiming that plaintiffs infringed one of defendants' patents. The parties have petitioned for inter partes review of all nine patents in the United States Patent and Trademark Office. Defendants have filed a motion to stay this case pending the inter partes review of the patents. Dkt. #42. I will deny defendants' motion to stay because the benefits of a stay are speculative and granting the stay would unduly prejudice plaintiffs.

BACKGROUND

        Plaintiffs and defendants are both engaged in developing and marketing

1

telecommunication products and services for the hearing impaired. From 2011 to present, defendants have been gaining a significant market share in the area of Internet Protocol captioned telephone services, a market generally consisting only of plaintiffs, defendants and one other company. Plaintiffs allege that defendants made up 60 percent of this market in March 2013 and were able to gain this market share by infringing plaintiff Ultratec's patents.

On May 17, 2013, plaintiffs filed their complaint in this court and petitioned the Patent Office for inter partes review of defendants' patent, U.S. States Patent No. 8,379,801. In a counterclaim complaint filed August 14, 2013 (after this court granted an extension of time for fiing), defendants contend that plaintiffs have been infringing this patent. Shortly thereafter, defendants petitioned for inter partes review of plaintiffs' patents: U.S. Patents Nos. 5,909,482; 6,233,314; 6,594,346; 6,603,835; 7,003,082; 7,319,740; 7,555,104; and 8,213,578. (The parties dispute the date on which defendants filed these petitions. Defendants say it was August 30, 2013 and plaintiffs say it was September 10 and 11, 2013.)

Inter partes review is a new, more streamlined "adjudicative proceeding." Universal Electronics, Inc. v. Universal Remote Control, Inc., — F. Supp. 2d — , 2013 WL 1876459, at *1 (C.D. Cal. May 2, 2013) (quoting H.R. Rep. No. 112–98, 46 (2011)). It is statutorily guaranteed to be complete within 18 months after the Patent Office grants the petition. 35 U.S.C. § 314. It is meant to (1) replace inter partes reexamination, which did not offer review by a panel and could take more than three years to complete; (2) "minimize

duplicative efforts by increasing coordination between district court litigation" and the review process; and (3) "allow limited discovery in the review proceedings." Universal Electronics, Inc., 2013 WL 1876459, at *1.

In this case, the petitions for inter partes review are pending for all nine patents, with responses due three months after filing. The Patent Office has three months from the date a response is due to decide whether it will grant these petitions. 35 U.S.C. § 314(b). After deciding to grant a petition, the Patent Office has another 12 months to conduct the review and finalize its decision. 35 U.S.C. § 316(a)(11). However, it may seek an additional six months for review for good cause. Id. Altogether, the inter partes review procedure may take two years and appeal to the Federal Circuit could extend the timeline further.

On July 17, 2013, this court conducted a preliminary pretrial conference and issued an order that establishes the schedule in this case. The deadline for dispositive motions is April 14, 2014; the deadline for discovery is August 15, 2014; and trial is scheduled to begin on October 14, 2014. At the time that the parties briefed defendants' motion to stay, both sides had undertaken several steps in discovery. Plaintiffs and defendants have been served and have answered interrogatories. Defendants have answered plaintiffs' requests for production of documents, and plaintiffs have begun sending their documents in response to defendants' requests.

OPINION

Defendants argue that this case should be stayed pending the inter partes review of

3

all nine patents because this case is at an early stage, the inter partes review would simplify the issues in this case and a stay would not prejudice plaintiffs in any way that could not be compensated by money damages. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009).

Courts have discretion to stay cases when related proceedings are pending. Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997). At least one court has held that this is true even when the parties have sought inter partes review. Universal Electronics, Inc., 2013 WL 1876459, at *2. Although inter partes review is a new avenue for challenging patent validity, in Universal Electronics, the court analyzed the stay question using the same principles they would apply to similar situations, such as motions to stay pending inter partes reexamination. Id. at *2. See also Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp., 2012 WL 7170593, at *1, n.1 (C.D. Cal. Dec. 19, 2012); Procter & Gamble Co. v. Team Technologies, Inc., 2013 WL 4830950, at *2 (S.D. Ohio Sept. 10, 2013).

This analysis "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). When considering whether to impose a stay, the court must "balance interests favoring a stay against interests frustrated by the action," Cherokee Nation, 124 F.3d at 1416, while keeping in mind the "virtually unflagging obligation of the federal courts to exercise . . . jurisdiction" in cases properly before them, absent exceptional circumstances.

4

Colorado River Water Conservation District v. United States. 424 U.S. 800, 817 (1976); R.R. Street & Co. v. Vulcan Materials Co., 569 F.3d 711, 715 (7th Cir. 2009). As I explained in Grice Engineering, Inc. v. JG Innovations, Inc., 691 F. Supp. 2d 915 (W.D. Wis. 2010), courts analyzing this balance often consider

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

Id. at 920 (internal citations omitted).

Defendants say that this litigation is in its early stages because discovery did not begin until July 2013 and will not close until August 15, 2014. They say that despite the written interrogatory and document exchanges, the bulk of discovery has yet to occur, so staying litigation would be more practical than continuing it. Plaintiffs respond by saying that their attorneys have spent considerable hours responding to discovery requests and reviewing discovery responses. At similar stages, courts have both granted and denied stays. Compare Universal Electronics, Inc., 2013 WL 1876459, at *3 ("While not much discovery has occurred, . . . the Court spent substantial effort construing the claims. . . . This factor weighs against stay.") with Emhart Industries, Inc. v. Sankyo Seiki Manufacturing Co., 1987 WL 6314 (N.D. Ill. Feb. 2, 1987) ("The parties have been engaged in discovery for almost one year, including depositions and document production in Japan. The discovery cut-off date . . . has passed, however, no pretrial order is in place and the Court has not considered any trial schedule for this case."). Thus, defendants have not shown that the stage of this

5

proceeding favors stay.

Defendants point to this court's order in Out RAGE, LCC v. New Archery Products, Corp., 11-cv-701-bbc, dkt. #72, in which a stay was granted pending inter partes reexamination. Plaintiffs argue that Out RAGE, LLC is distinguishable because the Patent Office had already granted petitions for reexamination. In this case, the Patent Office has not yet granted any of the petitions, which adds to the length of time the inter partes review process will take. The parties could be waiting until February or March 2014 to hear whether the Patent Office will even review eight of the patents. The review may take up to 18 months, which means the review may not be complete until as late as September 2015 (or March 2015 on the normal schedule. This means that the inter partes review may not be complete until well after the current trial date of October 14, 2014. Consequently, defendants have not shown that resources would be saved by awaiting inter partes review. Cf. Fujitsu Ltd. v. Netgear, Inc., 2008 WL 2540602 (W.D. Wis. Apr. 4, 2008) ("[T]he interest of justice is served by litigating a suit 'where the litigants are more likely to receive a speedy trial.'"(quoting Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986))); Hy Cite Corp. v. Regal Ware, Inc.,2010 WL 2079866 (W.D. Wis. May 19, 2010) ("[Defendants' vague prediction] creates an indefinite time period for the stay. Even if defendants' vague estimate is correct, plaintiff would be forced to wait somewhere around nine months from filing simply to begin this case, a wait as long as some cases take to be tried in this court.").

Similarly, the fact that the Patent Office has not yet granted the petitions to review

6

the nine patents adds an additional layer of doubt whether the inter partes review will even occur, let alone whether it will simplify the issues or reduce the burden of litigation for the parties or the court. E.g., Procter & Gamble Co., 2013 WL 4830950, at *3-4; Automatic Manufacturing. Systems, Inc. v. Primera Technology, Inc., 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013).

Even if the Patent Office had granted the petitions, it is not clear that the inter partes review would address the issues that will be determinative in this case. It is true that a decision from inter partes review estops defendants from asserting any validity defense that they either raised or could have raised during review. 35 U.S.C. § 315(e)(2); Universal Electronics, Inc., 2013 WL 1876459, at *4. However, validity is only one of many issues that may be raised in a patent case. At this point in the litigation, it is not clear what issues will be central to this case's determination. Consequently, it is not yet clear whether inter partes review will simplify the issues or reduce the burdens of litigation by estopping validity defenses. Automatic Manufacturing. Systems, Inc., 2013 WL 1969247, at *3 ("Even if the USPTO decides to initiate a review, the law makes clear that the review itself is limited to anticipation and obviousness, which are only two of the many, many defenses to patent infringement."); Davol, Inc. v. Atrium Medical Corp., 2013 WL 3013343, at *6 (D. Del. June 17, 2013). But see Universal Electronics, Inc., 2013 WL 1876459, at *4 ("If the PTO grants inter partes review, the issues would likely be simplified, either through invalidation of claims or by narrowing Defendant's defenses through estoppel."). The mere potential for overlap on the question of validity is not sufficient reason to grant stay in this matter.

7

Finally, defendants say that because plaintiffs may be compensated by monetary damages for any injury during the stay, it will not cause them undue prejudice. Moreover, they say plaintiffs must show that money damages would be inadequate to defend against a motion to stay. Graywire, LLC v. Ciena Corp., 2009 WL 8590870 (N.D. Ga. July 17, 2009). Defendants also say that plaintiffs' decision not to pursue a preliminary injunction undermines their prejudice argument. Hill-Rom Services, Inc. v. Stryker Corp., 2012 WL 5878087 (S.D In this case, defendants have not met that burden. I will deny their motion for stay because the potential for issue simplification is speculative and a stay would be prejudicial to plaintiffs. . Ind. Nov. 20, 2012); EI Du Pont De Nemours & Co. v. MacDermid Printing Solutions LLC, 2012 WL 2995182 (D.N.J. July 23, 2012); Studer Professional Audio GmbH v. Calrec Audio Ltd., 2012 WL 3061495 (D.N.J. July 25, 2012).

However, defendants have the burden of proof backwards. Nken, 556 U.S. at 433-34. As the proponents of stay, defendants have not shown that the stay will *not* prejudice plaintiffs and will *not* give defendants a tacit advantage. Indeed, the length of time of inter parties review is prejudicial to plaintiffs, even though it is shorter than other Patent Office proceedings. Inter partes review would allow defendants up to two years (six months for decision on whether to grant petition and 12 to 18 months for review) to gain market share and other advantages over plaintiffs while allegedly infringing plaintiffs' patents. Plaintiffs and defendants are direct competitors in a small market. Thus, there is a greater likelihood that plaintiffs will lose significant market share to defendants. Davol, Inc., 2013 WL 3013343, at *3 ("In the relatively exclusive market at issue here, [plaintiff] likely faces a

8

greater risk of surrendering market share.").

In this case, defendants have not met that burden. The circumstances weigh in favor of denying a stay to protect plaintiffs from undue prejudice, particularly when defendants cannot show that inter partes review will shorten the time to trial. Therefore I will deny defendants' motion for stay.

ORDER

IT IS ORDERED that the motion to stay pending inter partes review, dkt. #42, filed by defendants Sorenson Communications, Inc. and CaptionCall, LLC, is DENIED.

Entered this 14th day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

9