IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ULTRATEC, INC. and CAPTEL, INC.,

                      Plaintiffs,

    v.

SORENSON COMMUNICATIONS, INC.
and CAPTIONCALL, LLC,

                      Defendants.

ORDER

13-cv-346-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendants Sorenson Communications, Inc. and CaptionCall, LLC filed a motion for summary judgment, accompanied by declarations, exhibits and other documents under seal. Defendants then filed a notice that they would not be filing redacted, unsealed versions of some of these documents on the ground that the documents were produced by plaintiffs Ultratec, Inc. and Captel, Inc. Because filing another party's documents is not a valid excuse to ignore this court's Administrative Order 311, on May 8, 2014, I ordered defendants to give plaintiffs the opportunity to redact the documents, with refiling to be accomplished by May 19, 2014. Dkt. #132. Defendants timely filed documents at docket no. 170. (Because the exhibits to docket no. 170 track the ones at issue, it appears that this is defendants' response to the May 8 order. It is not possible to know this with certainty because defendants did not include a cover letter or mention the May 8 order in their filing.)

      After reviewing these submissions, I see that almost every document has been

1

redacted in its entirety or nearly so. In all likelihood, this violates the administrative order. Administrative Order 311 ("Any document filed under seal must be accompanied by a separately-filed, unsealed version that redacts *only truly confidential information* allowed by the court's prior order or supported in the party's motion.") (emphasis added). Because defendants did not submit a cover letter explaining their filing or redactions, it is impossible to know why such extensive redactions were made and whether plaintiff or defendants are responsible for the redactions. Thus, either plaintiffs or defendants must refile unsealed, redacted documents of exhibits no. 1-20, 22-46 and 48-51 attached to the declaration of Jessica Quon, dkt. #85. In addition, the filing parties must provide justification for *each* redaction, explaining why the information is confidential and why the redaction fits the parameters of the protective order. Dkt. ##40, 66-67. Should the parties fail to follow this order, the documents will be unsealed. I assume that going forward the parties will file only those redactions that comply with the protective and administrative orders and that it will not be necessary to seek further explanations for their redactions.

Finally, I note that both parties have been failing to follow some of this court's Electronic Filing Procedures, available at http://www.wiwd.uscourts.gov/electronic-filing-procedures. In several instances, the parties have filed deposition transcripts and expert reports as exhibits, rather than as separate docket entries, contrary to electronic filing procedure VI.E and G. E.g., dkt. ##85, 179, 190. In addition, plaintiffs have filed redacted exhibits without naming the exhibits at docket no. 124. Electronic filing procedure VI.D provides that such exhibits must have a descriptive title. It is a burden on the Clerk of Court

when parties fail to follow this court's procedures. The parties are advised to follow this court's electronic procedures. Any failure to do so will be considered should sanctions or costs be sought in this case.

ORDER

IT IS ORDERED that either plaintiffs Ultratec, Inc. and Captel, Inc. or defendants Sorenson Communications, Inc. and CaptionCall, Inc. have until June 5, 2014 to file unsealed, redacted copies of the documents filed as exhibits no. 1-20, 22-46 and 48-51 to docket no. 85. Along with this filing, the filing parties must explain the reasoning for each of their redactions. If the parties fail to file documents that comply with this order by that date, the documents will be unsealed in their entirety.

Entered this 29th day of May, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3