IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ULTRATEC, INC. and CAPTEL, INC.,

                    Plaintiffs,

    v.

SORENSON COMMUNICATIONS, INC.
and CAPTIONCALL, LLC,

                    Defendants.

OPINION AND ORDER

13-cv-346-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a patent infringement case involving several patents related to a telephone relay system to allow communication between deaf and hearing users. Defendants Sorenson Communications, Inc. and CaptionCall, LLC have moved to strike the supplemental infringement report of Paul W. Ludwick, dkt. #168, submitted by plaintiffs Ultratec, Inc. and CapTel, Inc. on April 10, 2014. Ludwick's original expert report, dkt. #99, was filed on February 12, 2014. On March 21, 2014, defendants submitted a responsive report from its expert, Benedict Occhiogrosso, dkt. #92, exh. 39. For the reasons explained below, defendants' motion will be denied and defendants' expert will be permitted to file a limited supplemental report.

OPINION

       This court's preliminary pretrial conference order, dkt. #32, issued on July 19, 2013, addressed the submission of expert reports. Section 6 of the order states the following:

> Supplementation pursuant to Rule 26(e) is limited to matters raised in an expert's first report, must be in writing and must be served not later than five calendar days before the expert's deposition, or before the general discovery cutoff if no one deposes the expert. . . .
>
> Failure to comply with these deadlines and procedures could result in the court striking the testimony of a party's experts pursuant to Rule 37. The parties may modify these deadlines and procedures only by unanimous agreement or by court order.

Dkt. #32 at 2-3. Fed. R. Civ. P. 26(e)(1) states that:

> **(1)** *In General*. A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:
>
>> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;

Plaintiffs contend that Ludwick's supplemental report was intended to correct and clarify certain statements that he had made in his original report. Defendants argue that the supplemental report is actually a third round rebuttal to Occhiogrosso's rebuttal report filed by defendants on March 21 and is impermissible because it offers new opinions on four groups of claim terms that Ludwick discussed in his original report. They ask the court to strike Ludwick's supplemental report in its entirety, or in the alternative, allow Occhiogrosso to supplement his report to address the new opinions.

Although defendants object to all of the new opinions included in Ludwick's supplemental report, they have developed an argument with respect to only two: (1) the meaning of "intermediary," as that term is used in the parties' proposed constructions of the claim term "relay;" and (2) what equipment constitutes a "modem" in the CaptionCall call

2

centers. Because defendants have failed to develop any argument with respect to the other claim terms, they have forfeited those issues as a basis for their motion. Jordan v. Binns, 712 F.3d 1123,1134 (7th Cir. 2013) (undeveloped arguments are considered waived).

In his rebuttal report, Occhiogrosso proposed for the first time a specific interpretation of the term "intermediary," which the parties both include in their proposed constructions for the claim term "relay." Ludwick's supplemental report addresses and opposes Occhiogrosso's understanding of an intermediary. Because defendants did not previously disclose their unique definition of "intermediary," I agree that Ludwick was entitled to supplement his report to clarify his understanding of the term. Accordingly I will deny defendants' motion to strike this aspect of Ludwick's supplemental report. Because both parties have now made their interpretations known to the court, it is not necessary to allow Occhiogrosso to supplement his report on this issue.

In his original report, Ludwick noted that he had viewed and ascertained in defendants' relay service a modem connected to the digital computer and offered the opinion that

> It's clear that the connection between the [call assistant's] computer and the Model 57T is made through computer networking and the internet, since the Model 57T is connected to only the internet at the hard-of-hearing user's location, and the [call assistant's] computer is connected to only the call center computer network.

Dkt. #99 at 42. Occhiogrosso stated in his rebuttal report that Ludwick's report is conclusory and that CaptionCall call centers use a network interface card rather than a modem to connect to a local area network. Dkt. #92, exh. 39 at 37. Ludwick then

3

explained in his supplemental report that although this is true, the local area network is connected to the internet via a modem or its substantial equivalent. Dkt. #100 at 51. He went on to include a detailed description and two photographs of defendants' network equipment. Id. at 51-54. Although I agree with plaintiffs that Ludwick added substantial detail to his earlier opinion, it appears that his supplemental report provides a more complete description of what he was discussing (but failed to accurately describe) in his earlier report. Defendants have not pointed to any specific prejudice that they will suffer from this portion of the supplemental report. At the time of the briefing of the motion to strike, defendants had not yet deposed or noticed the deposition of Ludwick. Further, discovery does not close in this case until August 14, 2014. In any event, to insure that no prejudice results, I will allow Occhiogrosso until July 28, 2014 to supplement his report *only* in response to Ludwick's discussion of the modem allegedly present in defendants' service.

ORDER

IT IS ORDERED that the motion to strike the supplemental infringement report of Paul W. Ludwick, dkt. #168, filed by defendants Sorenson Communications, Inc. and CaptionCall, LLC is DENIED. Defendants may have until July 28, 2014 to file a supplemental expert report to rebut Ludwick's opinion on what equipment constitutes a "modem" in the CaptionCall call centers.

Entered this 17th day of July, 2014.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge