**BAKER BOTTS** LLP

1001 PAGE MILL ROAD
BUILDING ONE, SUITE 200
PALO ALTO, CALIFORNIA
94304-1007

TEL +1 650.739.7500
FAX +1 650.739.7699
BakerBotts.com

ABU DHABI          HOUSTON
AUSTIN             LONDON
BEIJING            MOSCOW
BRUSSELS           NEW YORK
DALLAS             **PALO ALTO**
DUBAI              RIO DE JANEIRO
HONG KONG          RIYADH
                   WASHINGTON

July 24, 2014

Bryant C. Boren, Jr.
TEL: 6507397501
FAX: 6507397601
bryant.c.boren@bakerbotts.com

**VIA ECF Filing**

Hon. Stephen L. Crocker
U.S. District Court
Western District of Wisconsin
120 North Henry Street, Room 320
Madison, WI 53703

     RE:    *Ultratec, Inc. v. Sorenson Communications, Inc.*, Case No. 3:13-CV-00346-BBC

Dear Judge Crocker,

     Pursuant to the Court's direction at yesterday's motion hearing, Defendants file this letter brief in support of their pending Motion to Compel (Dkt. No. 282) and in response to Plaintiffs' Response to that Motion (Dkt. No. 293). The legal authorities cited below strongly support Defendants' position that the notes used by Karen Peltz-Strauss to refresh her recollection prior to her deposition are discoverable and undercut the arguments set forth in the Response.

     **I.    The Notes Are Not Work Product**

     In their response to the Motion to Compel, Plaintiffs claim for the first time that the FCC declaratory proceedings were "litigation" within the meaning of the work product exemption. Plaintiffs cite no cases for that proposition, except to note that some Circuits have held that a declaratory ruling is appealable. Courts that have considered the nature of administrative proceedings *to determine whether work product protection should attach* have held that the work product privilege cannot be properly invoked where, as here, there was no right of cross-examination; there was no claim made against any party; and there was no formal hearing. *See, e.g.*, *Adair v. EQT Prod. Co.*, 294 F.R.D. 1, 5-6 (W.D. Va. 2013); *Robinson v. City of Arkansas City, Kan.*, No. 10–1431, 2012 WL 603576, at *12 (D. Kan. Feb. 24, 2012); *Fru–Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, No. S–05–0583, 2006 WL 2050999, at *4 (E.D. Cal. July 20, 2006); *S. Union Co. v. Sw. Gas Corp.*, 205 F.R.D. 542, 549 (D. Ariz. 2002); *United States v. Am. Tel. & Tel. Co.*, 86 F.R.D. 603, 628 (D.D.C. 1979). With respect to the FCC's approval of IP CTS, there was no right of cross-examination, there was no claim against any party to the proceeding, and there was

**BAKER BOTTS** LLP

- 2 -                                                                                                         July 24, 2014

no formal hearing. Indeed, prior to the meeting of the FCC in which the ruling was approved, Ultratec was required to file an accurate, publicly-available account of each contact with the FCC in the form of an "*ex parte* memorandum." *See* 47 C.F.R. § 1.1206(b)(1) ("A person who makes an oral *ex parte* presentation shall submit to the Commission's Secretary a memorandum that . . . summarizes all data presented and argument made during the oral *ex parte* presentation. Memoranda must contain a summary of the substance of the *ex parte* presentation and not merely a listing of the subjects discussed.")

As it turns out, Ultratec filed no such *ex parte* memorandum with respect to the purported contact between the date the Ruling was announced in December 2006 and the publication of the written decision in January 2007. 47 C.F.R. § 1.1203 provides that all *ex parte* communications are prohibited from the day "after the release of a public notice that a matter has been placed on the Sunshine agenda"—which would have happened about a week before the December 2006 meeting at which the Ruling was approved and which led to the press release—until the FCC (1) "[r]eleases the text of a decision or order relating to the matter." Accordingly, the purported call to Tom Chandler of the FCC was *prohibited* between the date the order was approved (December 20, 2006) and before the date the order was released (January 11, 2007), unless one of the exemptions in 1.1204 apply—and none even arguably apply. Plaintiffs may claim that the post-ruling contact was not a substantive "presentation" and therefore was permissible (they have not made this argument; *see* 47 C.F.R. § 1.1202 (a)), but if that is the case, the communication could not have altered the meaning of the Ruling as announced in the December press release, as Plaintiffs now contend.

The activities in question do not warrant the application of the work product doctrine, and Plaintiffs' communications with the FCC were public by law with no expectation of privacy. Ms. Peltz-Strauss's notes of any such communication could not have been work product. They are highly relevant to Plaintiffs' claim that the Ruling does not mean what it says, and they are discoverable.

## II.   The Notes Are Nevertheless Discoverable

Even if the notes had been work product at one time, an attorney's notes become discoverable if the attorney later testifies as a fact witness and uses the notes to refresh his or her recollection prior to the deposition. *See* Fed. R. Civ. P. 612. That is especially true where, as here, the attorney in question is the sole witness to the events in question. Ms. Peltz-Strauss was the only participant in the call to Chandler of the FCC.

In *Eckert v. Fitzgerald*, the court ordered the plaintiff to produce work-product created by its lawyer during a prior lawsuit under Rule 612. 119 F.R.D. 297, 298 (D.D.C. 1988). The parties in *Eckert* had dismissed a prior suit between them when settlement appeared imminent, but ultimately could not agree to terms and filed a new case. The

**BAKER BOTTS** LLP

- 3 -                                                                                                           July 24, 2014

defendant then deposed plaintiff's counsel from the first case regarding the substance of the settlement negotiations. Before his deposition, the attorney reviewed his notes and a memorandum he had prepared at the time of the settlement negotiations; he testified that his review of these materials refreshed his memory of the settlement talks. *Id.* at 299.

The court ruled that the materials were discoverable under Rule 612. It noted that Rule 612 has been applied to depositions when documents otherwise protected as work product are used to refresh a witness's recollection. *Id.* The court stated that the purpose of the work product privilege is not served by allowing a lawyer "to change his role from that of attorney to that of a witness for his former client, and then base his testimony on notes shielded by the privilege." *Id.*

The *Eckert* court concluded that the "interest in the truth weighs heavily against the benefits encompassed in the privilege when a lawyer relinquishes his advocacy role and assumes the status of an independent witness for a former client." *Id.* at 299. Because the lawyer/witness is required to testify truthfully about the facts known to him, "[i]f prior to testifying about the facts and matters of mixed fact and opinion he relies on prior notes to refresh his recollection, he is no different from any other witness, and his notes are discoverable pursuant to Fed. R. Evid. 612 . . . ." *Id.* at 299.

The same result was reached in *Redvanly v. NYNEX Corp.*, where an employment discrimination plaintiff deposed the in-house lawyer for the defendant employer. 152 F.R.D. 460 (S.D.N.Y. 1993). The lawyer had participated in a meeting with the plaintiff prior to her termination, and the parties disputed the events that occurred in that meeting. *Id.* at 462. Prior to his deposition, the lawyer reviewed his contemporaneous notes from the meeting which he said "generally helped me recall the meeting." *Id.*

The court determined that—assuming the notes were protected by the work-product doctrine—they should still be produced under Rule 612. It wrote that the lawyer was "no different from any other factual witness." *Id.* at 472. Because he was a "factual witness[] to critical events at issue who reviewed the document to prepare for [his] own testimony," it was clear to the court that "disclosure is mandated in the interests of justice under Rule 612." *Id.*

Courts in the Seventh Circuit have ruled that the work-product doctrine or attorney-client privilege can be waived if a witness reviews protected documents to refresh her recollection prior to deposition.

The Northern District of Indiana ordered a party to produce an attorney-authored 19-page memo reviewed by witnesses prior to their depositions, noting: "Use of documents to refresh recollection can even constitute the waiver of a privilege such as work product." *In re FedEx Ground Package Sys., Inc., Emp't Practices Litig.*, No. 3:05-MD-527-RM, 2007 WL 7333753, at *10 (N.D. Ind. Mar. 5, 2007). Likewise, the Northern District of Illinois

**BAKER BOTTS** LLP

- 4 -                                                                                                              July 24, 2014

compelled production of the contents of a folder labelled "Communications with Counsel" that a witness reviewed to refresh his recollection of certain facts prior to deposition. *Wheeling-Pittsburgh Steel Corp. v. Underwriters Labs.*, 81 F.R.D. 8, 10 (N.D. Ill. 1978). The court found that the witness's use of the documents to refresh his recollection prior to the deposition "served as an effective waiver of any such privilege," and therefore the documents were discoverable. *Id.* at 9. *See also Leybold-Heraeus Technologies, Inc. v. Midwest Instrument Co., Inc.*, 118 F.R.D. 609, 614-15 (E.D. Wis. 1987)(selective disclosure of privileged information prohibited; witness required to produce documents used to refresh recollection for testimony).

These decisions are consistent with rulings outside the Seventh Circuit, as well. The court in *Napolitano v. Omaha Airport Authority* compelled production of notes previously created by the plaintiff at the instruction of counsel, because the plaintiff reviewed those notes to refresh his memory of certain events prior to his deposition. No. 8:08-CV-299, 2009 WL 17400826, at *5 (D. Neb. June 15, 2009). In *Ehrlich v. Howe*, the district ordered production of a memorandum prepared by the defendant's counsel because it was used by the defendants to refresh their memories prior to deposition. 848 F. Supp. 482, 494 (S.D.N.Y. 1994). The court wrote: "when confronted with the conflict between the command of Rule 612 to disclose materials used to refresh recollection and the protection afforded by the attorney-client privilege, the weight of authority holds that the privilege is waived." *Id.* at 493 (alteration and quotation omitted).

These decisions support the conclusion that Karen Peltz-Strauss's notes relating to her conversations with the FCC are discoverable, even if they qualify as attorney work product. Because Ms. Peltz-Strauss testified that she reviewed the notes prior to her deposition and the notes allowed her to recall facts relevant to her testimony, Defendants should have the opportunity to review the documents.

                                             Respectfully submitted,

                                             Bryant C. Boren, Jr.
                                             Baker Botts L.L.P.
                                             Attorneys for Defendants

BB

cc: All counsel of record (via ECF)