IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ULTRATEC, INC. and CAPTEL, INC.,

                     Plaintiffs,

    v.

SORENSON COMMUNICATIONS, INC.
and CAPTIONCALL, LLC,

                     Defendants.

OPINION AND ORDER

13-cv-346-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil action involving claims of patent infringement and counterclaims of invalidity is scheduled for trial beginning on October 14, 2014. This order addresses three motions in limine filed by defendants: (1) defendants' motion in limine no. 8 to preclude any reference to the presumption of validity and arguments that the patent office found the claims valid, dkt. #401; (2) defendants' motion in limine no. 9 to exclude arguments about conception and anticipation that are contrary to law, dkt. #402; and (3) defendants' motion to correct apparent errors in the summary judgment order, dkt. #535. For the reasons stated below, I am denying defendants' motion in limine no. 8, granting their motion in limine no. 9 with respect to plaintiffs' theory of secret prior art but denying that motion as moot in all other respects and granting their motion to correct apparent errors in the summary judgment order.

OPINION

A. Defendants' Motion No. 8 to Preclude References to Presumption of Validity and Patent Office's Findings of Validity

Defendants seek an order precluding plaintiffs from referring to the presumptive validity of their patents or arguing that the patent office found the patents valid. Defendants contend that the presumption is weakened in this case by the fact that the Patent Trial and Appeal Board instituted inter partes review proceedings on 18 of the 20 claims asserted by plaintiffs, concluding that there was a reasonable likelihood that the claims would be found invalid. According to defendants, it would be fundamentally unfair to allow plaintiffs to refer to the presumption while at the same time not allowing defendants to present the board's decisions granting inter partes review to the jury during their invalidity case.

Defendants' motion will be denied. Although I understand defendants' position, the statutory presumption of validity remains intact notwithstanding the institution of inter partes review proceedings on numerous claims, and it remains defendants' burden to overcome the presumption by clear and convincing evidence. Defendants cite no authority to the contrary, and, for largely the same reasons stated in the order on summary judgment, dkt. #351 at 73, their arguments regarding the weight to be given inter partes review proceedings are unpersuasive. Given that the law regarding the presumption of validity has not changed, I see no reason to deviate from this court's practice of instructing juries about the presumption and permitting the lawyers to refer to it in their arguments.

### 3B. Defendants' Motion No. 9 to Exclude Arguments about Conception and Anticipation

1. Conception

Defendants have moved to bar plaintiffs from trying to show that named inventor Robert Engelke conceived of the alleged invention in plaintiffs' '482 patent in the summer of 1996 and from trying to show that Engelke worked diligently from then until he filed his patent application in September 1997. In response, plaintiffs deny any intention to argue that Engelke conceived of the invention in 1996 or that his diligence preceded his discovery of the patented invention. They say that Engelke had an inspiration in 1996 about using voice recognition software in a relay sstem to transcribe the words of a hearing user. However, Engelke's "moment of conception" did not come until June 1997 with the release of Dragon Naturally Speaking software. This event caused Engelke to realize that a call assistant could repeat the words in a telephone call and speech recognition software could convert the words into text. According to plaintiffs, it was from the time of this June 1997 discovery until September 1997 that Engelke worked diligently on the invention that became the '482 patent. Because plaintiffs are not claiming a 1996 date of conception, defendants' motion is moot as it relates to evidence about 1996 and pre-conception diligence.

Plaintiffs have stated that they believe that evidence about Engelke's "aha moment" in 1996 and the efforts he made to develop his idea before the release of the Dragon software are relevant to additional evidence they wish to introduce on the June 1997 conception date, the interpretation of the Ryan reference, establishing motivation or lack of motivation to combine prior art and the lack of enablement of the Ryan reference. Because defendants'

motion did not address such uses of this evidence, I have not considered them. Any further disputes as to this evidence will be resolved at trial.

2. "Secret Prior Art"

Defendants also want plaintiffs barred from referring to § 102(e) prior art as "secret prior art." Plaintiffs suggested in their reply brief on summary judgment that they may use this tactic to disqualify the Ryan reference as prior art because, although Ryan was filed before the application for the '482 patent was granted, it did not issue and was not published before the date of invention or the filing date of the '482 patent. Defendants argue that allowing such a reference would directly contradict 35 U.S.C. § 102(e), which explicitly authorizes the use of prior art references. I agree.

The purpose of § 102 is to describe the conditions under which an applicant is barred from obtaining a patent. Under the relevant version of § 102 in effect in the 1990s and now superseded, subsection (e) provided that no one could obtain a patent on an invention that was "described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent." Therefore, for the Ryan reference to be considered prior art under § 102(e), defendants must show that the Ryan application had been filed before the date of invention of the '482 patent. Because the parties agree that Ryan was filed before the invention of the '482 patent, Ryan would appear to qualify as prior art under § 102(e).

4

Plaintiffs have devised an argument, first presented in their reply brief on summary judgment, that Ryan is actually "secret prior art." According to plaintiffs, even though the Ryan patent application was filed before the invention of the '482 patent, it does not provide an enabling disclosure of voice recognition software that would have put the invention in the possession of the public because Ryan was not publicly available until it was issued in 1998, after the filing date of the '482 patent. As a result, plaintiffs maintain, the proper analysis in this case is whether Ryan was enabled as of the date it was first filed in 1994.

Plaintiffs admit that there is no law supporting their theory, and I will not allow it. Accordingly, defendants' motion to bar plaintiffs from referring to § 102(e) prior art as "secret prior art" will be granted.

Plaintiffs' additional arguments related to the timing of enablement of the Ryan reference will be addressed below.

### C. Motion to Correct Summary Judgment Order

In an order entered on August 28, 2014, I granted in part and denied in part the parties' cross motions for partial summary judgment with respect to direct infringement and anticipation. Dkt. #351. Defendants have moved under Fed. R. Civ. P. 54(b) to ask the court to correct three apparent errors in that order.

First, defendants note and plaintiffs concede that although the court found that plaintiffs failed to establish literal infringement of claim 2 of the '104 patent as a matter of

5

law and were not entitled to summary judgment on their equivalency argument related to the same claim, dkt. #351 at 45-46, claim 2 of the '104 patent is listed mistakenly in the introduction to the opinion and in the order itself as a claim on which summary judgment was granted in favor of plaintiffs. Id. at 3 and 93. Accordingly, I am amending the August 28 opinion and order in the following respects: (1) plaintiffs' motion for partial summary judgment is denied with respect to infringement of claim 2 of the '104 patent; (2) defendants are entitled to summary judgment with respect to literal infringement of claim 2 of the '104 patent; and (3) plaintiffs' claim that defendants infringed claim 2 of the '104 patent under the doctrine of equivalents will proceed to trial.

Second, defendants contend and plaintiffs agree that the opinion erroneously recites as an undisputed fact that "[b]oth the '314 and '346 patents are entitled to the same 1997 priority date as the '482 patent." Dkt. #351 at 7. They point out correctly that plaintiffs' proposed finding of fact no. 59 states only that all eight patents *claim* priority to the '482 patent. Dkt. #194 at 27. Defendants' response to this proposed factual finding stated that "[t]his statement is accurate to the extent that on the face of the Patents-in-Suit, priority is claimed to the '482 Patent." Id. As a result, it was incorrect for the court to find that the '314 and '346 patents are *entitled* to the priority date of the '482 patent. The parties agree that the error was inconsequential because the proper priority date for the '346 patent was not at issue on summary judgment and the earliest written report for claim 1 of the '314 patent (the only claim at issue in this case) is found in a patent application filed in February 2001. (Neither party mentions the priority date of the '314 patent in their briefs on this

6

motion.)  Accordingly, I will amend the August 28 opinion and order by removing the finding that the '314 and '346 patents are entitled to the same 1997 priority date as the '482 patent.

Third, defendants contend that the court erroneously found on summary judgment that "Ryan had to have been enabling to one of skill in the art sometime before September 7, 1996." Dkt. #351 at 67.  In support of this statement, I cited <u>Bristol-Myers Squibb Co. v. Ben Venue Laboratories, Inc.</u>, 246 F.3d 1368, 1379 (Fed. Cir. 2001), in which the court of appeals was discussing enablement of prior art references for anticipation under 35 U.S.C. § 102(<u>b</u>).  That section provides that no one can obtain a patent on an invention that was patented or described in a printed publication, in public use or on sale more than one year prior to the date of the application for the patent.  As discussed above in connection with defendants' motion in limine no. 9, however, defendants contend that Ryan qualifies as prior art under 102(e), which prohibits a patent on an invention that was described in a patent that was filed *before the invention* by the applicant for the patent.   Plaintiffs do not claim a date of invention before June 1997.  Therefore, the court's statement that Ryan had to have been enabled by September 7, 1996 was incorrect.

On summary judgment, defendants relied on cases discussing § 102(b) for the proposition that enablement of an anticipatory reference may be demonstrated by a later reference.  Plaintiffs contend that the Court of Appeals for the Federal Circuit has not directly addressed the enablement timeline applicable to prior art under § 102(e). Although this is true, I see no reason why the court of appeals' holding in <u>Bristol -Myers Squibb</u> would

7

not apply to enablement of prior are under § 102(e). Sections 102(b) and (e) both discuss what qualifies as anticipatory prior art; the main difference between the two is when the prior art had to become a matter of public knowledge. (Under § 102(b), inventions described in a printed publication must have been published "more than one year prior to the date of the application for the patent"; under § 102(e), the invention had to be described in a patent granted before the invention.) Further, as defendants point out, § 2121.01 of the Manual of Patent Examining Procedure states that "[a] reference contains an 'enabling disclosure' if the public was in possession of the claimed invention before the date of invention." Accordingly, the summary judgment order will be amended to require that Ryan had to have been enabling to one of skill in the art sometime before the invention of the '482 patent.

In an additional argument, plaintiffs contend that there is a "tie" between the date of invention for the '482 patent and the date when Ryan "could even arguably act" as anticipating prior art and that the tie should be resolved in favor of the '482 patent. Plaintiffs' argument is premised on their belief that both events occurred in July 1997 with the release of Dragon Naturally Speaking voice recognition software. However, both the date of invention of the '482 patent and the date of enablement of Ryan are in dispute. At this point it is unnecessary to decide how any "tie" should be resolved between Ryan and the '482 patent.

8

ORDER

IT IS ORDERED that

1. Defendants' motion in limine no. 8, dkt. #401, is DENIED.

2. Defendants' motion in limine no. 9, dkt. #402, is GRANTED with respect to plaintiffs' theory of secret prior art and DENIED as moot in all other respects.

3. Defendants' motion to correct apparent errors in the summary judgment order, dkt. #535, is GRANTED. The August 28, 2014 opinion and order, dkt. #351, is corrected and amended as follows:

   a. On page 3, delete "claim 2 of the '104 patent" from the first bullet point, and on page 4, add "direct infringement of claim 2 of the '104 patent under the doctrine of equivalents" as a bullet point in the list of claims proceeding to trial.

   b. In line 5, p. 93, the phrase "claim 2 of the '104 patent" is deleted.

   c. In the seventh line from the bottom on p. 93, the phrase "claim 2 of the '104 patent" is inserted after the term "'482 patent," with a comma inserted before the insertion.

   d. At the top of p. 94, the following sentences are inserted as no. 4: "Defendants are entitled to summary judgment with respect to plaintiffs' claim of literal infringement of claim 2 of the '104 patent. Plaintiffs' claim that defendants infringed claim 2 of the '104 patent under the doctrine of equivalents will proceed to trial." The following lines are renumbered accordingly.

   e. On page 7, delete the sentence "Both the '314 and '346 patents are entitled to the same 1997 priority date as the '482 patent."

   f. On page 67, delete the sentence "Because the '482 patent (the parent patent) was filed on September 8, 1997, Ryan had to have been enabling to one of skill in the art sometime before September 7, 1996. Id. See also 35 U.S.C. § 102(b)(1) (prior art disclosure must be made more than one year before effective filing date of claimed invention)" and replace it with "Therefore,

Ryan had to have been enabling to one of skill in the art sometime before the invention of the '482 patent."

Entered this 1st day of October, 2014.

                                             BY THE COURT:
                                             /s/
                                             BARBARA B. CRABB
                                             District Judge