IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ULTRATEC, INC. and CAPTEL, INC.,

OPINION AND ORDER

        Plaintiffs,

13-cv-346-bbc

    v.

SORENSON COMMUNICATIONS, INC.
and CAPTIONCALL, LLC,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil action involving claims of patent infringement and counterclaims of invalidity is scheduled for trial beginning on October 14, 2014.  This order addresses plaintiffs' motions in limine nos. 12 and 16 and defendants' motions in limine nos. 3, 4, 7 and 10.

OPINION

I.  PLAINTIFFS' MOTIONS IN LIMINE

A.  <u>Plaintiffs' Motion in Limine No. 12 to Preclude Evidence or Argument Concerning
Any Alleged Good-Faith Belief of Invalidity Before the Issuance of
the Inter Partes Review Institution Decisions, dkt. #451</u>

      Plaintiffs ask the court to preclude defendants from arguing that before the Patent Trial and Appeals Board instituted inter partes review of the patents-in-suit on March 5, 2014, defendants had a good-faith belief that the patents-in-suit were invalid. Plaintiffs say

1

that defendants have no evidence indicating how or when they came to a good faith belief that the patents-in-suit were invalid after the date the complaint was filed (which is when defendants say is the first time they learned of the patents-in-suit and what they covered) and before the date on which the Board granted inter partes review. In particular, say plaintiffs, defendants have never disclosed an advice-of-counsel defense and have declined to answer questions addressing their good-faith belief on grounds of privilege.  In response, defendants say that this is irrelevant because they have evidence, including testimony from Pat Nola and Robert Puzey, that will show that defendants had a good faith belief in invalidity even before the suit was filed.  Defendants also appear to be arguing that they can introduce their answer to the complaint, counterclaims and petitions for inter partes review as additional evidence of their good-faith belief after the lawsuit was filed.

Because there are no longer any claims of induced infringement at issue in this case, Oct. 1, 2014 Opin. and Ord., dkt. #558, any evidence concerning defendants' alleged good-faith belief in the invalidity of the patents-in-suit is relevant only to the subjective prong of willfulness for the purposes of damages.  However, that question will be at issue in this case only if (1) the jury rejects defendants' invalidity defenses; and (2) the court allows plaintiffs to present their willfulness case to the jury.  (I will address defendants' motion regarding willfulness later in this opinion.)  Because of the conditional nature of plaintiffs' motion, I will reserve ruling on it and address plaintiffs' concerns if and when plaintiffs are allowed to present their willfulness contentions to the jury.

2

B.  Plaintiffs' Motion in Limine No. 16 to Preclude Defendants from Offering Any Evidence or Argument During the Liability Phase Related to the Pending Inter Partes Review Proceeding to Negate Intent for Induced Infringement, dkt. # 464

This motion is moot as a result of the court's dismissal of plaintiffs' induced infringement claims.

## II.  DEFENDANTS' MOTIONS IN LIMINE

### A.  Defendants' Motion in Limine No. 3 to Preclude Evidence Regarding Opinion of Counsel, dkt. #396

Defendants argue that the jury should not hear "any evidence or argument that Defendants could have or should have sought" an opinion of counsel with respect to any alleged infringement because 1) defendants have not asserted an advice of counsel defense; and 2) such evidence and argument is barred by 35 U.S.C. § 298.  This statute, which was enacted as part of the America Invents Act, reads:

> The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the patent.

Plaintiffs do not object to defendants' motion in principle but argue that the statutory bar should not be interpreted so narrowly as to preclude them from rebutting any evidence defendants seek to introduce that implies that defendants consulted with counsel or had some legal basis for believing the patents to be invalid.  (As discussed above, plaintiffs' motion in limine no. 12 also referred to this issue.)

Generally speaking, I agree with plaintiffs that the protection granted by 35 U.S.C. § 298 dissolves in the event defendants "open the door" by attempting to refute a claim of willful infringement by implying that they relied on the advice of counsel.  With respect to the specific evidentiary issues that plaintiffs highlight in their response to the motion, it is not necessary to address them at this time.  As noted in the discussion of plaintiffs' motion in limine no. 12, evidence concerning defendants' subjective, good-faith belief of invalidity is no longer relevant during the liability phase of trial and will become relevant only during the damages phase if this court allows plaintiffs to present their willfulness contentions to the jury.  Should that occur, the parties should bring to the court's attention any remaining evidentiary disputes related to good-faith and advice of counsel.


B.  <u>Defendants' Motion in Limine No. 4 to Exclude Evidence of Plaintiffs' Unasserted and Non-Prior Art Patents, dkt. #397</u>

Defendants want the court to preclude plaintiffs from presenting any evidence or argument concerning any patent owned by plaintiffs except for those that are alleged to have been infringed in this case or those that are used as prior art.  They argue that evidence concerning plaintiffs' other patents is irrelevant and unduly prejudicial.   In response, plaintiffs state that they want to introduce evidence of their other patents for the purpose of showing that Robert M. Engelke and Kevin Colwell, inventors of the patents-in-suit and named expert witnesses in this case, are accomplished inventors in the area of technology in dispute.  (Plaintiffs also say the evidence of other patents is relevant to their inducement claim, but this argument is now moot.)  I agree that evidence of plaintiffs' unasserted patents

4

is relevant to establishing Engelke's and Colwell's expert qualifications and credibility. Further, I am not persuaded that such evidence would be unduly prejudicial to defendants. Accordingly, evidence of plaintiffs' unasserted and non prior-art patents is admissible for this limited purpose.  Defendants' motion will be granted in all other respects.


C.  Defendants' Motion in Limine No. 7 to Exclude Evidence of Willfulness, dkt. #400

Plaintiffs have alleged and intend to pursue at trial a claim that defendants' infringement was willful, thereby permitting (but not requiring) the court to award enhanced damages.  35 U.S.C. § 284 ("[T]he court may increase the damages up to three times the amount found or assessed."); Beatrice Food Co. v. New England Printing and Lithographing Co., 923 F.2d 1576, 1578 (Fed. Cir. 1991) (although statute does not state basis upon which district court may increase damages, "[i]t is well-settled that enhancement of damages must be premised on willful infringement or bad faith.") (citations omitted).  Defendants seek an order precluding plaintiffs from introducing any evidence tending to show subjective willfulness unless and until the court rules on the reasonableness of their invalidity defenses, which is the objective prong of the willfulness test.   In re Seagate Technology, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc) (setting out two-part test for willfulness); Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc., 682 F.3d 1003, 1005-06 (Fed. Cir. 2012) ("generally the objective prong of Seagate tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement") (citations omitted).

Plaintiffs generally agree that the issue of willfulness should not be considered by the jury until after it finds liability. (They seek a "preliminary" instruction on willfulness before the liability phase but I decline to give this instruction.) However, plaintiffs argue that:

> 1) Plaintiffs should not be barred from presenting evidence bearing on willfulness to the extent it may also relate to liability issues; and

> 2) This court may consider the objective prong of the willfulness test before, during or after the jury decides the subjective prong.

I agree with plaintiffs on both points. In general, to the extent that evidence is admissible to prove the subjective prong of the willfulness test, is also relevant to questions the jury must consider in reaching its determination on liability and is not inadmissible on other grounds, plaintiffs may introduce it during the liability phase. In particular, some of the "willfulness" evidence (copying of plaintiffs' inventions and commercial success) may be relevant to defendants' claims of obviousness. At trial, defendants are free to object to specific pieces of evidence on the ground that they are irrelevant to non-obviousness or that their relevance is outweighed by their prejudicial effect. At this time, however, I decline to grant defendants' blanket request for the exclusion of all evidence bearing on willfulness.

Second, although it is true that some cases include language supporting defendants' position that submitting the willfulness question to the jury is improper unless and until the court first decides whether plaintiffs have met their burden with respect to the objective prong of the test, e.g., BASF Corp. v. Aristo, Inc., 2012 WL 2529229, at *3 (N.D. Ind. June 29, 2012) ("According to Bard, a willfulness determination should be sent to the jury only when a judge has decided, as a matter of law, that there is clear and convincing evidence that

6

a defendants' conduct in using an allegedly patented process was objectively reckless"), I am not convinced that the Federal Circuit has imposed such a hard and fast rule on district courts. Although it is clear that the objective determination is a legal determination that must be decided ultimately by the court and that there is no reason to submit the willfulness question to the jury if the court has determined that the accused infringer's defenses are objectively reasonable, I do not understand the cases to require a trial court presiding over often-complex and fact-intensive patent trials to put a case on hold while it considers the objective question, or alternatively, to work through the night to issue a decision on the objective prong so as not to hold up the trial. As the Federal Circuit recognized in <u>Powell v. Home Depot U.S.A., Inc.</u>, 663 F.3d 1221, 1237, n.2 (Fed. Cir. 2011), district courts have broad discretion to set the order of trial and may, if the circumstances require, reserve a ruling on the objective prong of the willfulness inquiry until after the subjective prong has been addressed. Other district courts have taken this approach. <u>E.g.</u>, <u>Carnegie Mellon Univ. v. Marvell Technology Group, Ltd.</u>, 986 F. Supp. 2d 574, 622 (W.D. Penn. Sept. 23, 2013) (declining to decide objective prong on motion for judgment as a matter of law made prior to jury's consideration of subjective prong and allowing subjective prong to be tried); <u>Apple, Inc. v. Samsung Electronics, Co., Ltd.</u>, 920 F. Supp. 2d 1079, 1106–07 (N.D. Cal. Jan. 29, 2013) (allowing jury to decide subjective willfulness before court considered objective willfulness).

That being said, after the jury is dismissed to deliberate on liability, defendants may move for judgment as a matter of law that plaintiffs cannot meet their burden with respect

to the objective prong of the willfulness test.  If circumstances allow, the court will rule on that motion before or soon after the jury delivers its liability verdict.

Finally, I reject plaintiffs' contention that <u>Seagate</u>'s two-part test and the clear and convincing evidence burden of proof have been implicitly overruled by the Supreme Court's decision in <u>Octane Fitness, LLC v. Icon Health & Fitness, Inc.</u>, 134 S. Ct. 1749 (2014). <u>Octane Fitness</u> involved 35 U.S.C. § 285, which allows the court "in exceptional cases" to award attorney fees to the prevailing party, not § 284, which is the enhanced damages provision.  Given the differences between the statutes and absent further guidance from the Federal Circuit, I decline to find that <u>Octane Fitness</u> applies by extension to § 284.

> D.  <u>Defendants' Motion in Limine No. 10 to Preclude Testimony Regarding
> Infringement Theories Based on Direction or Control, dkt. # 403</u>

This motion is moot in light of the court's October 1 order dismissing the induced infringement claims.


ORDER

IT IS ORDERED THAT:

1.  Plaintiffs' motion in limine no. 16, dkt. #464,  and defendants' motion in limine no. 10, dkt. #403, are DENIED as moot.

2.  The ruling on plaintiffs' motion in limine no. 12, dkt. #451, is RESERVED.  If at trial either side believes it needs a ruling on a particular witness or a particular line of questioning, it can request one from the court.

3.  Defendant's motion in limine no. 3, dkt. #396, is GRANTED on the condition that defendants do not "open the door" by attempting to refute a claim of willful infringement by implying that they relied on the advice of counsel.  If at trial either side believes it needs a further ruling on this issue with respect to a particular witness or a particular line of questioning, it can request one from the court.

3.  Defendants' motion in limine no. 4, dkt. #397, is GRANTED with one exception. Plaintiffs may introduce evidence of their other patents for the limited purpose of establishing the  expert qualifications and credibility of Robert Engelke and Kevin Colwell.

4.  Defendants' motion in limine no. 7, dkt. #400, is DENIED.


Entered this 3d day of October, 2014.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge