IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ULTRATEC, INC. and CAPTEL, INC.,

                Plaintiffs,

v.

SORENSON COMMUNICATIONS, INC.
and CAPTIONCALL, LLC,

                Defendants.

OPINION AND ORDER

13-cv-346-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil action involving claims of patent infringement and counterclaims of invalidity is scheduled for trial beginning on October 14, 2014. This order addresses the following motions and requests made by the parties: plaintiffs' motion in limine no. 14 to preclude certain testimony from Kelby Brick, dkt. #458; defendants' motion in limine no. 5 to exclude evidence and argument regarding actions taken by the FCC against Purple Communications, dkt. #398; defendants' request for reconsideration of the court's ruling on plaintiffs' motion in limine no. 16 with respect to evidence of the pending inter partes review proceedings, dkt. #464; defendants' request to prohibit plaintiffs from arguing that Ryan was not enabled, dkt. #572; and the parties' responses to the court's curative instruction regarding Dr. Vanderheiden, dkt. ##570 and 575.

OPINION

A. <u>Plaintiffs' Motion in Limine No. 14 to Preclude Certain Testimony
from Kelby Brick, dkt. #458</u>

Plaintiffs have asked the court to preclude Kelby Brick from testifying in front of the jury during either the liability or damages phase of the trial. They also argue a number of reasons why the court should not consider his report or portions of his testimony in deciding whether to issue an injunction. Defendants intend to offer Brick's testimony (1) as an expert before the court on how an injunction would not be in the best interest of the deaf and hard-of-hearing and (2) as a fact witness before the jury about his involvement with the FCC's declaratory ruling in conjunction with defendants' affirmative defenses of estoppel, patent misuse and unclean hands. Because the motion is premature, the court will reserve ruling on what portions, if any, of Brick's testimony and report will be considered with respect to plaintiffs' request for an injunction. It will be necessary to have further information before deciding whether defendants may use Brick as a fact witness before the jury.

In a footnote in response to the motion and in their comments to the draft jury instructions, defendants make clear that they are requesting the court to allow them to submit their affirmative defenses to the jury during the damages phase of trial. Dkt. #499 at 1 n.1; dkt. #577 at 18. From defendants' brief in support of their motion for partial summary judgment, however, it appeared that defendants were raising their affirmative defenses in response to plaintiffs' claim for injunctive relief, which would make the defenses a matter for the court to decide. It is unclear from defendants' submissions what issues they

2

believe the jury must resolve during the damages phase of trial. Therefore, I will allow defendants until noon on Saturday, October 11, 2014 to explain why they believe the jury should hear evidence of their affirmative defenses during the first phase of the trial. Plaintiffs will have until noon on Wednesday, October 15, to respond.

### B. Defendants' Motion in Limine No. 5 to Exclude Evidence and Argument regarding Actions Taken by the FCC Against Purple Communications, dkt. #398

Defendants contend that the jury should not hear any evidence or argument regarding fines, investigations or other disciplinary action taken by the FCC against Purple Communications, the former employer of Kelby Brick. They argue that any such evidence does not bear on Brick's credibility or any other aspect of the instant case. Plaintiffs agree that there is no reason for the jury to hear such evidence because Brick's opinions relate to the issuance of an injunction, which is a matter for the court to decide.

Defendants' motion will be granted with respect to the evidence presented to the jury. Should Brick's testimony become relevant to the court's consideration of an injunction, defendants may renew their objections to this evidence at that time.

### C. Defendants' Request to Reconsider Court's Ruling on Plaintiffs' Motion in Limine No. 16 to Preclude Defendants from Offering Evidence or Argument to the Jury during the Liability Phase, dkt. #465

In their opposition to this motion, defendants suggested that they intended to introduce evidence of the inter partes review proceedings during the liability phase only to show that they lacked the subjective intent to induce infringement. Dkt. #496.

3

Accordingly, in an order entered October 3, 2014, I ruled that this motion was moot in light of the court's dismissal of plaintiffs' claims of induced infringement. Dkt. #563. At the final pretrial conference on October 3, however, defendants expressed their view that, in light of the court's ruling that it would instruct the jury on the presumption of validity and allow plaintiffs' counsel to refer to the presumption during argument, evidence as to the pending inter partes review proceedings is relevant and admissible to rebut the presumption of validity.

It is unclear whether defendants were merely making a record for appeal or stating their intent to introduce the inter partes review evidence during the liability phase of trial. Assuming the latter, I will not allow it. Although defendants' position is not without merit, I am persuaded that, because of the different standards, procedures and presumptions applicable to IPR proceedings, evidence concerning the proceedings is irrelevant and highly prejudicial to the jury's determination of the validity of the patents. For this same reason, defendants may not rely on evidence of the IPR proceedings during the damages phase to argue that the patents are entitled to diminished value.

That said, defendants are free to refer to the board's findings and argue their weight when making any arguments outside the jury's presence on the objective prong of the willfulness test. In addition, should the question of subjective willfulness be presented to the jury, defendants may introduce the board's decision as evidence showing their good faith belief in invalidity. The parties agree that in the event this occurs, the jury should be given a curative instruction regarding the proper weight to be given the IPR evidence. They

4

disagree, however, on what the instruction should say. As with other matters concerning willfulness, the court will take this matter up with the parties only if and when it becomes necessary.

### D. Defendants' Request to Prohibit Plaintiffs from Arguing that Ryan was Not Enabled, dkt. #572

At the final pretrial conference on October 3, defendants argued that because plaintiffs do not have a viable enablement argument remaining with respect to the Ryan reference, the post-trial anticipation instruction should be revised to eliminate any reference to enablement. Tr. of Final Hrg., dkt. #568, at 33-36. The court ordered defendants to submit their arguments in writing, which they have done. They ask the court to "conclude that, based on the undisputed evidence, no reasonable jury could find that Ryan was not enabled." Dkt. #572. Because this is a thinly-veiled motion for summary judgment and not a proper motion in limine, I conclude that both sides may put in whatever admissible evidence they have regarding whether Ryan was enabled, subject to the limits discussed in the court's previous orders. If defendants believe that the evidence at trial shows as a matter of law that Ryan was enabled and anticipates the '482 patent, defendants will be free to file a motion under Fed. R. Civ. P. 50 at the appropriate time.

E.  The Parties' Responses to the Court's Curative Instruction regarding
Dr. Vanderheiden, dkt. ##570 and 575

On September 29, 2014, I granted in part plaintiffs' motion in limine no. 13 to exclude the expert testimony of Vanderheiden because defendants had not disclosed him as an expert.  Dkt. #546.  However, I noted in the order that defendants would be permitted to call Vanderheiden as a fact witness because they said Vanderheiden's emails and memorandum show defendants' state of mind, namely, that they believed noninfringing alternatives existed for captioned telephone service.  I ordered that the parties propose a curative instruction so that the jury would understand the limited purpose of Vanderheiden's testimony.

In response to the court's proposed curative instruction, plaintiffs now oppose the introduction of any testimony from Vanderheiden, arguing that defendants have proffered no evidence that they were aware of his statements or relied on them.  Without this evidence, Vanderheiden's emails and memorandum have no relevance to defendants' state of mind.  I agree that before defendants may submit the Vanderheiden evidence or testimony, defendants must come forward with evidence that one or more of their employees with policy-making authority was aware of Vanderheiden's words during the relevant time frame.

Plaintiffs also argue that the evidence should be excluded regardless of defendants' awareness of Vanderheiden's statements because plaintiffs never adopted any of the noninfringing alternatives outlined by Vanderheiden.  If this is the case, I am not sure why plaintiffs would want the evidence excluded; if anything, defendants' awareness of

noninfringing alternatives and their decision to then adopt infringing uses is stronger evidence of willfulness. In any event, defendants' failure to adopt the noninfringing alternatives does not negate the fact that Vanderheiden's email and memorandum may have influenced defendants' state of mind.

Finally, plaintiffs argue that the Vanderheiden testimony is relevant only to damages because the court dismissed defendants' breach of contract counterclaim. Because defendants have argued that their state of mind is relevant only to the question of willfulness, the Vanderheiden evidence and testimony may be introduced in the damages phase of trial, but only if defendants first introduce evidence showing that they became aware of Vanderheiden's words before allegedly relying on them.

I also note that defendants say they intend to use Vanderheiden's testimony to fortify the testimony of their expert witness, Dr. Keith Ugone, that noninfringing alternatives exist that would decrease the reasonable royalty rate for plaintiffs' patents. Dfts.' Resp., dkt. #569, at 3. As discussed in my previous order, however, the use of the Vanderheiden evidence for this purpose is prohibited; he is not an expert and his statements cannot be used to support an expert's argument no matter when they were made.

In sum, the Vanderheiden evidence will be admitted only for the purpose of showing defendants' state of mind with respect to the question of willfulness during the damages phase of trial and only if defendants first present evidence that they became aware of Vanderheiden's words before allegedly relying on them. The instruction will read as follows:

> At this point, you will hear testimony from Dr. Gregg C. Vanderheiden. Dr. Vanderheiden will testify about an email that he sent to the FCC. Dr.

Vanderheiden has not been designated as an expert for purposes of this case. This means that he cannot testify as to the truth or accuracy of the contents of his email or previously expressed opinions. Therefore, although Dr. Vanderheiden may testify about what he stated in his email, you must disregard and not rely on those statements when determining any issue in this case, with one limited exception: Defendants may introduce Dr. Vanderheiden's testimony and his email for the sole purpose of showing their state of mind regarding plaintiffs' patents.

If defendants put forth only Vanderheiden's email and it is admissible as outlined above, the instruction will read as follows:

Defendants have introduced an email written by Dr. Gregg C. Vanderheiden. Dr. Vanderheiden has not been designated as an expert for the purposes of this case. You must therefore disregard Dr. Vanderheiden's statements in his email and not rely on them when deciding any issue in this case, with one limited exception. Defendants may introduce Dr. Vanderheiden's email for the sole purpose of showing their state of mind regarding plaintiffs' patents.

ORDER

IT IS ORDERED that

1. Plaintiffs' motion in limine no. 14 to preclude certain testimony from Kelby Brick, dkt. #458, is RESERVED. Defendants shall have until noon on Saturday, October 11, 2014, to explain why they believe the jury should hear evidence of their affirmative defenses during the damages phase of trial. Plaintiffs shall have until noon on Wednesday, October 15, 2014, to respond.

2. Defendants' motion in limine no. 5 to exclude evidence and argument regarding actions taken by the FCC against Purple Communications, dkt. #398, is GRANTED with respect to the jury trial in this case.

3. The October 3, 2014 order denying plaintiffs' motion in limine no. 16 as moot, dkt. #563, is amended as follows:

> a. The motion is DENIED as moot as it relates to plaintiffs' induced infringement claims.
>
> b. The motion is GRANTED to the extent that defendants may not offer evidence or argument related to the inter partes review proceedings during the liability phase of trial for any reason or during the damages phase of trial to show that the patents are entitled to diminished value.
>
> c. The motion is DENIED to the extent that defendants may introduce the inter partes review board's decision as evidence of their good faith belief in invalidity in the event that subjective willfulness is presented to the jury. If this occurs, the jury will be given a curative instruction regarding the proper weight to be given this evidence.

4. Defendants' request to prohibit plaintiffs from arguing that Ryan was not enabled, dkt. #572, is DENIED.

5. Defendants may introduce evidence of Dr. Gregg Vanderheiden's emails and memorandum for the sole purpose of showing defendants' state of mind with respect to the question of willfulness during the damages phase of trial, on the condition that defendants first introduce evidence showing that they became aware of Vanderheiden's words before allegedly relying on them. If a curative instruction is needed, the court will give the instruction discussed in section E of the opinion.

Entered this 8th day of October, 2014.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge