IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| ULTRATEC, INC. and CAPTEL, INC., | OPINION AND ORDER |
| Plaintiffs, | |
| | 13-cv-346-bbc |
| v. | |
| SORENSON COMMUNICATIONS, INC. and CAPTIONCALL, LLC, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court in this patent infringement and invalidity case is defendants' motion for claims construction. Defendants want the court to confirm that (1) no asserted claim requires voice recognition software to be stored on any particular computer and (2) the preamble of claim 7 of the '578 patent is not limiting. Dkt. #620. For the reasons stated below, I am granting defendants' motion on both issues.

OPINION

A. Voice Recognition Software

Defendants ask the court to confirm that claims 1 and 6 of the '482 patent, claims 1 and 2 of the '314 patent, claim 1 of the '346 patent, claim 1 of the '082 patent, claims 7 and 8 of the '835 patent, claim 2 of the '740 patent, claim 2 of the '104 patent and claims 7, 8 and 11 of the '578 patent do not require the voice recognition software disclosed in the

1

method steps to be physically located or stored on any particular computer. Plaintiffs oppose this construction and argue that all of these claims require the voice recognition computer software to be located on the call assistant's computer.

Defendants note correctly that none of the claims expressly identify the physical location of the voice recognition software. Most of the claims state only that a computer "uses" or "is programmed to use" such software; contrary to plaintiffs' assertions, they do not say or even imply that the software has to be stored or located on the call assistant's computer. E.g., claim 1 of the '482 patent ("digital computer *using* voice recognition computer software"); claim 1 of the '314 patent ("computer *programmed to use* voice recognition computer software"); claim 1 of the '346 patent ("digital computer *using* voice recognition computer software"); claim 7 of the '835 patent ("at the relay, converting the words spoken. . . *using* voice recognition computer software"); claim 8 of the '835 patent ("so that the relay can convert the words. . . *using* voice recognition computer software"). For example, these claims would allow the disclosed computer to use software located on a remote server. Plaintiffs point out that the patent specifications describe one embodiment in which the computer "has been provided with a voice recognition software package" and "the call assistant operates at a computer terminal which contains a copy of a voice recognition software package." E.g., '482 patent specification, col. 5, lns. 36-46. However, a description of one embodiment that merely discusses the computer "being provided with" or "containing a copy of" a software package does not import a claim limitation that the software must be located or stored physically on the call assistant's computer.

2

Although it is arguable that claim 2 of the '104 patent, claim 2 of the '740 patent and claim 7 of the '578 patent disclose a call assistant's computer "*with* voice recognition computer software," none of these claims state that the software must be located physically on the call assistant's individual or local computer. In the absence of any other information in the relevant claims language and specifications about the storage or location of the software, I cannot conclude that a computer "with" software means that the software has to be located on the hard drive of that computer as opposed to allowing the call assistant's computer to access the software on a remote server or some other storage device.

B. Preamble to '578 Patent

Claim 7 of the '578 patent discloses "[a] method of operating a captioned telephone service, the method comprising the steps of: . . . presenting the text stream to an assisted user via a display." Plaintiffs contend that because the specification of the '578 patent teaches that "captioned telephone is a technology intended to provide text assistance to [an] assisted user during the course of a voice telephone communication system," col. 6, lns. 18-20, the preamble to claim 7 should be construed to require that the claimed method supports the transmission of voice as well as text. However, as defendants point out, operating a captioned telephone service is not an essential step in the claimed method. That phrase is merely descriptive and identifies the overall purpose and intended use of the claimed method, which discusses only the presentation of text and not voice. Had the patentee

3

chosen to disclose a method step of transmitting both the voice and text, it could have done so as it did in other claims, such as claim 1 of the '346 patent.

ORDER

IT IS ORDERED that the motion for claims construction filed by defendants' Sorenson Communications, Inc. and CaptionCall, dkt. #620, is GRANTED. None of the asserted claims require voice recognition software to be stored on any particular computer and the preamble of claim 7 of the '578 patent is not limiting.

Entered this 21st day of October, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge