IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| ULTRATEC, INC. and CAPTEL, INC., | |
| | OPINION AND ORDER |
| Plaintiffs, | |
| | 13-cv-346-bbc |
| v. | |
| SORENSON COMMUNICATIONS, INC. and CAPTIONCALL, LLC, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court is defendants' motion for judgment as a matter of law on plaintiffs' claim that defendants willfully infringed the patents. Dkt. #650. Defendants contend that they have objectively reasonable defenses to infringement and that plaintiffs are unable to satisfy the first prong of the two-part test for willfulness set forth in In re Seagate Technology, LLC, 497 F.3d 1360 (Fed. Cir. 2007) (en banc). Under Seagate, 497 F.3d at 1371, plaintiffs must show by clear and convincing evidence that:

1)   defendants acted "despite an objectively high likelihood that [their] actions constituted infringement of a valid patent"; and

2)   this objectively-defined risk was either known or so obvious that it should have been known to defendants.

The parties agree that the objective inquiry is "whether a defense or noninfringement theory was reasonable." Bard Peripheral Vascular, Inc. v. W.L. Gore Associates, Inc., 682 F.3d 1003, 1006 (Fed. Cir. 2012). Under existing Federal Circuit precedent, this inquiry has nothing to do with the state of mind of the accused infringer. Halo Electronics, Inc. v.

Pulse Electronics, Inc., – F.3d –, 2014 WL 5352367, *9 (Fed. Cir. Oct. 22, 2014). It can be met so long as the accused infringer raises "a substantial question" at trial as to the validity of the patents-in-suit, id. at *10, even though the accused may not have developed the defense until after suit was filed. Id. at *9.

Plaintiffs have not proven by clear and convincing evidence that defendants acted despite an objectively high risk of infringement. Defendants survived summary judgment on some of their anticipation defenses and reasonably relied on defenses of anticipation and obviousness at trial. Even if the jury determines that defendants did not prove anticipation and obviousness by clear and convincing evidence, the defenses were not objectively baseless or a "sham." Bard, 682 F.3d at 1007 (defense is a sham if it was "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits"). They raised a substantial question as to the validity of the claims at issue. Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc., 620 F.3d 1305, 1319 (Fed. Cir. 2010) (finding that because infringer raised substantial question as to obviousness, it was not objectively reckless in relying on that ultimately unsuccessful defense).

Finally, I reject plaintiffs' invitation to submit the subjective prong of the willfulness inquiry to the jury "just in case" the Federal Circuit decides to revisit its standard for awarding enhanced damages. Although I agree that a revision of the willfulness test appears to be a strong possibility, it is far from definite. Further, if the legal standard for willfulness does change, it may be that the entire willfulness case would have to be retried under the new standard. Accordingly, I see no compelling reason to try the subjective willfulness case to the jury at this time.

ORDER

IT IS ORDERED that defendants' motion for judgment of no willful infringement as a matter of law, dkt. #650, is GRANTED.

Entered this 23rd day of October, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge