IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| ULTRATEC, INC. and CAPTEL, INC., | OPINION AND ORDER |
| Plaintiffs, | 13-cv-346-bbc |
| v. | |
| SORENSON COMMUNICATIONS, INC. and CAPTIONCALL, LLC, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Following a nine-day trial in October 2014, a jury awarded plaintiffs Ultratec, Inc. and CapTel, Inc. more than $44 million on their claims that defendants Sorenson Communications, Inc. and CaptionCall, LLC infringed 13 claims in eight of plaintiffs' patents related to a telephone relay system between deaf and hearing users. Over the next several months, the parties filed a number of post-verdict motions that are now before the court. Dkts. ##700, 713, 744, 746, 748, 750, 752, 754, 763-64, 768, 822, 825, 835 and 854. Among those motions are defendants' motions for judgment as a matter of law with respect to anticipation, dkt. #746, and obviousness, dkt. #752, of all the patents in suit.

While litigation was pending in this case, defendants petitioned for <u>inter partes</u> review of all the claims at issue in this case. The Patent Trial and Appeal Board granted review and issued a final written decision on March 3, 2015, invalidating as anticipated or obvious all but one of the claims asserted by plaintiffs. Dkt. #825. The statutory deadline for the

1

board's final written decision on the remaining claim is December 4, 2015.  Id.  In light of these facts, I asked the parties to brief the effect, if any, of the board's final written decisions on the judgment in this case and on the parties' post-trial motions.  Dkt. #827.  In response, defendants argue that the board's final decisions undermine the existing judgment in this case, support entry of judgment of invalidity as a matter of law on all of the asserted claims and prevent enforcement of the judgment and issuance of a permanent injunction.  Dkt. #842.  Further, because the decisions are appealable, defendants have requested a stay of all further proceedings pending plaintiffs' anticipated appeal of the inter partes review decisions.  Id.  Plaintiffs contend that the non-final decisions are not entitled to deference and are not grounds for a stay, dkt. #858, and that the court should strike arguments raised by defendants for the first time in their reply brief.  Dkt. #873.

Although this case is in a very late stage of litigation, I conclude that a stay is warranted pending appeal of the inter partes review decisions because final cancellation of the asserted claims would moot all of plaintiffs' infringement claims and avoid wasting judicial resources needlessly in resolving the post-trial motions and any resulting appeals.  Even if not all of the board's decisions are upheld on appeal, the decision of the court of appeals will provide important guidance on the validity of the patents, simplify the case and prevent inconsistent results between the inter partes review and the litigation.  Because I am issuing a stay, it is unnecessary to address the parties' remaining arguments concerning the effect of the non-final decisions on this court's judgment and the post-trial motions.

Further, plaintiffs' motion to strike the allegedly new arguments raised by defendants will be denied as unnecessary. Plaintiffs say that defendants raise the following arguments for the first time in their reply brief: (1) application of a four-part stay analysis discussed in VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1309 (Fed. Cir. 2014), regarding stays pending reviews of covered business method patents; and (2) plaintiffs' alleged admission in another lawsuit that they experience no irreparable harm from defendants' continued infringement. Although I refer in this opinion to the four-part test described in VirtualAgility for background purposes, I have not based my decision on the test identified in that case or considered defendants' assertions that it controls in this case. I have considered defendants' other arguments to the extent that they are responsive to plaintiffs' stay analysis. I find plaintiffs' alleged admission with respect to irreparable harm irrelevant and have not considered it.

BACKGROUND

On May 17, 2013, plaintiffs filed their complaint in this court. Sometime in August or September 2013 (the exact date is disputed), defendants petitioned for inter partes review of plaintiffs' patents: U.S. Patents Nos. 5,909,482; 6,233,314; 6,594,346; 6,603,835; 7,003,082; 7,319,740; 7,555,104; and 8,213,578. On September 9, 2013, defendants moved to stay all proceedings pending the resolution of the review proceedings. Dkt. #42. This motion was denied on November 14, 2013, after I found that the benefits of a stay were speculative and that granting the stay would unduly prejudice plaintiffs. Dkt. #48.

After the Patent Trial and Appeal Board initiated <u>inter partes</u> review proceedings on all but two claims in the patents in suit on March 5, 2014, defendants moved to continue the trial date pending the board's final written decisions, which were due in March 2015. Dkt. #196. Although the board declined to institute <u>inter partes</u> review with respect to claims 6 and 8 of the '835 patent, defendants filed a petition for a separate <u>inter partes</u> review proceeding with respect to those claims on other grounds on May 19, 2014. Dkt. #196 at n. 1. (Shortly before trial, plaintiffs decided to withdraw their assertions in this case with respect to claim 6 of the '835 patent.) I denied defendants' second motion to stay on the ground that trial was only four months away and it might take several years for the <u>inter partes</u> review proceeding to come to a final decision. Dkt. #269.

    The case proceeded to trial on October 14, 2014. The jury found in favor of plaintiffs on all of their claims and awarded damages of more than $44,000.000. Afterwards, the parties filed numerous post-verdict motions, including motions for renewed judgment as a matter of law, new trial and relief from judgment (defendants) and motions to amend the damages award and for permanent injunction (plaintiffs). On March 3, 2015, before the court had ruled on any of the pending motions, defendants notified the court that the Patent Trial and Appeal Board had issued final written decisions invalidating all of the asserted claims except claim 8 of the '835 patent. Dkt. #825. By statute, the board must issue its final written decision on claim 8 of the '835 patent on or before December 4, 2015. <u>Id.</u>

    Under 35 U.S.C. § 42.71(d), plaintiffs had 30 days, or until April 3, 2015, to request a rehearing with the Patent Trial and Appeal Board. (The parties have not informed the

4

court whether plaintiffs elected to request a rehearing.) Under 35 U.S.C. § 141, they also have the right to appeal the final decisions to the Court of Appeals for the Federal Circuit. The deadline for filing a notice of appeal is either 63 days after the date of the final decisions or 63 days after "action" on any request for a rehearing. 37 C.F.R. § 90.3. Plaintiffs cite a sampling of cases in which it took the Patent Trial and Appeal Board between three to five months to resolve a request for rehearing and approximately 10 months for the Federal Circuit to resolve an appeal from a patent office proceeding.

OPINION

Defendants want the court to stay its ruling on the post-trial motions pending the exhaustion of plaintiff's appellate remedies with respect to the inter partes review proceedings. Plaintiffs oppose a stay, arguing that they will suffer undue prejudice and that defendants will gain a tactical advantage during the years it will take for the decisions to become final.

Because inter partes review is a relatively new process, the Court of Appeals for the Federal Circuit has not yet identified the appropriate standard for evaluating motions to stay related litigation while inter partes review of the same patents is pending. SurfCast, Inc. v. Microsoft Corp., 2014 WL 6388489, at *1 (D. Me. Nov. 14, 2014). However, federal courts have analyzed the stay question using the framework they would apply to similar situations, such as motions to stay pending inter partes reexamination or the review of an alleged covered business method patent. Universal Electronics, Inc. v. Universal Remote

5

Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013); NFC Technology LLC v. HTC America, Inc., 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015); Procter & Gamble Co. v. Team Technologies, Inc., 2013 WL 4830950, at *2 (S.D. Ohio Sept. 10, 2013); Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp., 2012 WL 7170593, at *1, n.1 (C.D. Cal. Dec. 19, 2012). Courts typically consider three factors in determining whether to grant a stay pending reexamination: (1) the stage of the litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party. Universal Electronics, 943 F. Supp. 2d at 1030-31. Section 18(b)(1) of the America Invents Act requires courts deciding whether to stay litigation pending a covered business method patent review to consider a fourth factor: whether a stay will reduce the burden of litigation on the parties and on the court. VirtualAgility, 759 F.3d at 1309 (discussing statutory test set forth in § 18(b)(1) of America Invents Act).

Nevertheless, the analysis is not limited to these factors; rather, the totality of the circumstances governs. Universal Electronics, 943 F. Supp. 2d at 1031; Pi-Net International, Inc., v. Hertz Corp., 2013 WL 7158011, *1 (C.D. Cal. June 5, 2013) (citing Allergan Inc. v. Cayman Chem. Co., 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009)). The inquiry is largely case specific, TPK Touch Solutions, Inc. v. Wintek ElectroOptics Corp., 2013 WL 6021324, 1 (N.D. Cal. Apr. 28, 2014), and "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v.

6

North American Co., 299 U.S. 248, 254-55 (1936). The Court of Appeals for the Federal Circuit has held that when considering whether to impose a stay, the court must "balance interests favoring a stay against interests frustrated by the action." Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997). A stay is favored generally where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." Slip Track Systems, Inc. v. Metal Lite, Inc., 195 F.3d 1337, 1341 (Fed. Cir. 1998). See also Softview LLC v. Apple, Inc., 2013 WL 4757831, *1 (D. Del. Sept. 4, 2013) (noting that this is particularly true where all claims in suit were or will be presented to patent office). "A stay may also be granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources." Evolutionary Intelligence, LLC v. Apple, Inc., 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014).

This case is at a very late stage of litigation. A jury has found the patents-in-suit to be valid, determined that defendants infringed all of the claims at issue and awarded plaintiffs damages. Under the typical three-factor test for a stay pending an inter partes reexamination, the significant progress made to date would weigh against the grant of a stay. Apple, Inc. v. Samsung Electronics Co., 2013 WL 6225202, at *3 (N.D. Cal. Nov. 25, 2013) (denying stay pending administrative and federal court appeal of reexamination decision because federal litigation had proceeded through two trials, nine orders on post-trial motions and Federal Circuit review of one post-trial ruling). Plaintiffs argue that "almost no work

7

remains left to be done by the parties in this litigation," Plts.' Br., dkt. #858 at 103, but this argument is undermined by the 14 post-verdict motions that are before the court, including plaintiffs' motion for a permanent injunction.  Resolving these motions would require a ruling on almost every contested issue in this case, including infringement, invalidity and damages.  Because all but one of the claims-in-suit are addressed in the recent decisions issued by the Patent Trial and Appeal Board and the remaining claim is the subject of inter partes review, a stay would provide important guidance from the patent office, simplify the case, avoid a needless waste of judicial resources and prevent inconsistent results between the inter partes review and this litigation.

 I denied defendants' first two requests for a stay in large part because at that time the outcome of the inter partes review was speculative and it was not clear that the proceeding would address the issues that would be determinative in this case.  However, circumstances have changed; this case has proceeded through summary judgment and trial, allowing the court and the parties to identify the determinative issues.  It is now clear that cancellation of the asserted claims would dispose of plaintiffs' entire affirmative case and resolve all of the issues raised in the parties' post-trial motions.  VirtualAgility, 759 F.3d at 1314 ("The CBM review could dispose of the entire litigation: the ultimate simplification of issues."); SurfCast, 2014 WL 6388489, at *4 (finding that final written decision, although subject to rehearing and appeal, "provides at least a measure of predictability as to the outcome of the IPR process").  The Court of Appeals for the Federal Circuit has made clear that patent cancellation has a binding effect on pending district court litigation.  ePlus, Inc. v. Lawson

8

Software, Inc., 760 F.3d 1350, 1355-57 (Fed. Cir. 2014) (vacating permanent injunction, contempt finding and compensatory damage award for contempt after patent office canceled infringed claim); Fresenius USA, Inc. v. Baxter International, Inc., 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a [patent] claim is cancelled, the patentee loses any cause of action based upon that claim, and any pending litigation in which the claims are asserted becomes moot."); Slip Track Systems, 195 F.3d at 1340 (patent cancellation extinguishes parallel causes of action stayed in district court). Therefore, even if I did not stay the litigation, the judgment in this case and the board's inter partes review decisions would be on appeal in the Court of Appeals for the Federal Circuit at approximately the same time. As long as any portion of this case remained open at the time the court of appeals ruled on the board's final decisions (which is highly likely given the timing of the appeals processes), cancellation of the patent claims would moot plaintiffs' infringement claims. Fresenius, 721 F.3d at 1340.

Although a post-verdict stay is unusual, it is within the court's discretion and has been found appropriate in certain cases. The Court of Appeals for the Federal Circuit held in an unpublished disposition that a stay of permanent injunction and damages proceedings was appropriate pending the appeal of a final reexamination decision because the injunction would become immediately inoperative and damages precluded if the reexamination decision of unpatentability were upheld. Standard Havens Products, Inc. v. Gencor Industries, Inc., 996 F.2d 1236 (Fed. Cir. 1993). More recently, two judges from the Court of Appeals for the Federal Circuit debated in concurring opinions whether a post-verdict stay pending the

9

resolution of reexaminations proceedings is appropriate. Fresenius, 582 F.3d at 1305-1306. Justice Newman wrote that a stay would be a distortion of the role of reexamination, while Justice Dyk believed that a district court should not be precluded in its discretion from staying further proceedings pending the outcome of a reexamination. Id. See also Flexiteek Americas, Inc. v. PlasTEAK, Inc., 2010 WL 2976859, at *5-6 (S.D. Fla. July 20, 2010) (terminating permanent injunction and staying execution of final judgment and post-judgment discovery pending appeal of final decision in ex parte reexamination).

Plaintiffs attempt to distinguish Standard Havens and Flexiteek on the ground that in those cases, the reexamination proceedings before the patent office were complete and ready for appeal in federal court or already there, whereas the decisions in this case are still subject to rehearing by the board before they may be appealed in federal court. SynQor, Inc. v. Artesyn Technologies, Inc., 2012 U.S. App. LEXIS 1992, *4 (Fed. Cir. Jan. 31, 2012) (declining stay while litigation on appeal because patent office had completed only first level of review). I am not persuaded that what is left of the administrative review process in this case makes a significant difference. In SynQor, the administrative decisions at issue were not final. In this case, the inter partes review process is at its end stage. Although plaintiffs could request a rehearing, the final result is much less speculative than it was in SynQor or when I last considered defendants' request for a stay in this case.

Plaintiffs contend that a stay will prejudice them because it would allow defendants to continue to gain market share and cause irreparable harm. Plaintiffs are correct that direct competition between parties tends to weigh against issuing a stay. Verinata Health,

10

Inc. v. Ariosa Diagnostics, Inc., 2014 WL 121640, *3 (N.D. Cal. Jan. 13, 2014). Because plaintiffs and defendants are direct competitors in a small market, plaintiffs may lose a significant market share to defendants. However, plaintiffs' argument depends on the assumption that they will succeed in obtaining a permanent injunction and in their appeal of the patent board's decisions. If they are wrong, defendants could have their entire business impaired for years by invalid patents if a permanent injunction is entered and enforced. "It is far more difficult to determine how much money Defendants could have made . . . as opposed to the amount of damages suffered by Plaintiff[s] if the . . . PTO's decision is reversed." Flexiteek, 2010 WL 2976859, at *5-6. See also Netlist, Inc. v. Smart Storage Systems, Inc., 2015 WL 1738192, at *1-2 (N.D. Cal. Apr. 9, 2015) (finding any potential prejudice to plaintiff overshadowed by number of issues on which PTAB granted review). Defendants also make the point that plaintiffs' prejudice argument is undermined by their failure to seek a preliminary injunction. Hill-Rom Services, Inc. v. Stryker Corp., 2012 WL 5878087, *3 (S.D. Nov. 20, 2012) (finding same). Contra Verinata Health, Inc. v. Ariosa Diagnostics, Inc., 2014 WL 121640, at *3 (N.D. Cal. Jan. 13, 2014) (noting that other courts have rejected this argument because there are many reasons why parties may choose not to pursue a preliminary injunction).

  Because I find that the potential benefits of a stay outweigh any potential prejudice to plaintiffs at this time, I am granting defendants request to stay proceedings pending a final inter partes decision on the validity of all of the claims-in-suit.

11

ORDER

IT IS ORDERED that

1. The motion filed by defendants Sorenson Communications, Inc. and CaptionCall, LLC to stay all proceedings in this case until any appeal of the Patent Trial and Appeal Board's decisions is completed, dkt. #825, is GRANTED.

2. The motion filed by plaintiffs Ultratec, Inc. and CapTel, Inc. to strike portions of defendants' reply brief, dkt. #873, is DENIED as unnecessary.

3. The parties' post-trial motions, dkts. ##700, 713, 744, 746, 748, 750, 752, 754, 763-64, 768, 822, 835 and 854, are DISMISSED without prejudice to the parties' renewing

those motions if necessary after the resolution of the appeal of the Patent Trial and Appeal Board's decisions.

Entered this 13th day of May, 2015.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge