IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **ULTRATEC, INC. and CAPTEL, INC.**, <br><br> Plaintiffs, <br><br> v. <br><br> **SORENSON COMMUNICATIONS, INC. and CAPTIONCALL, LLC,** <br><br> Defendants. | Civil Action No.: 3:13-cv-00346-BBC |

**EMERGENCY MOTION TO AMEND AND CORRECT MAY 13, 2015 OPINION AND ORDER (DKT. 876) OR, IN THE ALTERNATIVE, VACATE THE NOVEMBER 3, 2014 JUDGMENT (DKT. 688)**

By Order and Opinion dated May 13, 2015 (Dkt. 876), the Court granted defendants' motion to stay all proceedings in this case until completion of any appeal of the Patent Trial and Appeal Board's final written decisions. The Court concluded that a stay is warranted because "final cancellation of the asserted claims would moot all of plaintiffs' infringement claims and avoid wasting judicial resources needlessly in resolving the post-trial motions and any appeals" and because "[e]ven if not all of the board's decisions are upheld on appeal, the decision of the court of appeals will provide important guidance on the validity of the patents, simplify the case and prevent inconsistent results." Dkt. 876 at 2.

Although the Court stayed further proceedings, the Court *sua sponte* dismissed the parties' post-trial motions without prejudice to their renewal if necessary after resolution

1

of the appeal of the final written decisions. *Id.* at 12. The Court's dismissal of the parties' post-trial motions has potential consequences that the Court likely did not intend. In particular, unless the order is corrected as detailed below or the existing judgment is vacated, an immediate appeal would be necessitated, which would undermine the purpose of the Court's stay order.

The post-trial motions the Court dismissed include defendants' motions under Rules 50 and 59 for judgment as a matter of law and a new trial and plaintiffs' motion under Rule 59 for an award of supplemental damages. Pursuant to Federal Rule of Appellate Procedure 4(a), the pendency of these motions tolled the deadline to file a notice of appeal of the Court's November 3, 2014 judgment (Dkt. 688). If the May 13 Opinion and Order were found to constitute "the entry of the order disposing of the last such remaining motion," that order would start the thirty-day period for appeal.

Neither the Court nor the parties has authority to freely extend the deadline to file a notice of appeal in Fed. R. App. P. 4(a), because the basis for the deadline is statutory. *See Bowles v. Russell*, 551 U.S. 205, 213 (2007) ("Rule 4 of the Federal Rules of Appellate Procedure carries [28 U.S.C. § 2107] into practice."). Under Fed. R. App. P. 4(a)(5), the Court can extend the deadline to file an appeal only by a maximum of thirty days.

Furthermore, despite the Court's May 13 Opinion and Order, it is unclear whether the Court has discretion to allow the parties to renew their Rule 50 and Rule 59 motions after a stay is lifted. For example, Fed. R. Civ. P. 50(b) states that certain post-trial

motions must be filed "[n]o later than 28 days after the entry of judgment." Fed. R. Civ. P. 6(b) states that the Court "must not extend the time to act under Rule[] 50(b)."

Because the Court's dismissal of the parties' post-trial motions has potential consequences that the Court likely did not intend when it stayed all proceedings in this case, defendants respectfully request that the Court issue an order correcting the May 13 Opinion and Order by vacating paragraph 3 on page 12 of the May 13 Opinion and Order to the extent it dismisses the parties' post-trial motions (Dkts. 700, 713, 744, 746, 748, 750, 752, 754, 763, 764, 768, 822, 835 and 854) by reinstating those motions as of the time of the May 13 Opinion and Order, and by making clear that the Court has not disposed of those motions for purposes of Rule 4 of the Federal Rules of Appellate Procedure.

Alternatively, if the parties' post-trial motions remain dismissed without prejudice to their renewal, defendants request that the Court vacate the November 3, 2014 judgment (Dkt. 688). The judgment was entered *sua sponte* before the PTAB's final written decisions and before the parties had filed their post-judgment motions. The Court's May 13 Opinion and Order staying all proceedings acknowledges that the judgment is inconsistent with the PTAB's decisions and likely will be vacated following completion of any appeal from the PTAB's decisions. If the Court vacates the judgment now, the Court subsequently may enter judgment consistent with the outcome of any appeal of the final written decisions and, if necessary, with decisions on the parties' post-trial motions.

If the May 13 Opinion and Order were to start the appellate timetable, the deadline for appealing the judgment would be June 12, 2015. Proceeding with an appeal of the judgment now would be at odds with and would undermine the purpose of the Court's May 13 Opinion and Order staying all proceedings.

Accordingly, defendants request that **no later than June 10, 2015**, the Court issue an order amending and correcting the May 13 Order and Opinion as follows:

1. Vacating the relief ordered by paragraph 3 on page 12 of the May 13 Opinion and Order to the extent it dismisses the parties' post-trial motions (Dkts. 700, 713, 744, 746, 748, 750, 752, 754, 763, 764, 768, 822, 835 and 854);

2. Ordering that the parties' post-trial motions (Dkts. 700, 713, 744, 746, 748, 750, 752, 754, 763, 764, 768, 822, 835 and 854) are reinstated as of May 13, 2015 and shall for all purposes be treated as if they never were dismissed, and then staying determination of the motions along with the judgment; and

3. Providing that the Court has not disposed of the parties' post-trial motions (Dkts. 700, 713, 744, 746, 748, 750, 752, 754, 763, 764, 768, 822, 835 and 854), which remain pending but are subject to the stay ordered in the May 13 Opinion and Order.

In the alternative, defendants request that no later than June 10, 2015, the Court issue an order vacating the November 3, 2014 Judgment (Dkt. 688).

Defendants have conferred with plaintiffs regarding this motion but were unable to reach agreement. Defendants request that the Court order any response to this motion on an expedited basis.

Dated: May 20, 2015

Respectfully submitted,

 /s/  Bryant C. Boren, Jr.
Bryant C. Boren, Jr.
Lead Attorney
*Admitted Pro Hac Vice*
bryant.c.boren@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 739-7501
Facsimile:  (650) 739-7601

Jonathan B. Rubenstein
*Admitted Pro Hac Vice*
jonathan.rubenstein@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: (214) 953-6594
Facsimile: (214) 661-4594

Brian Oaks
*Admitted Pro Hac Vice*
brian.oaks@bakerbotts.com
BAKER BOTTS L.L.P.
98 San Jacinto Blvd.
Austin, TX 78701
Telephone: (512) 322-5470
Facsimile: (512) 322-3621

Allen A. Arntsen
aarntsen@foley.com
FOLEY & LARDNER LLP
150 E. Gilman Street
P.O. Box 1497
Madison, Wisconsin 53701-1497
Tel.: 608.258.4293
Fax: 608.258.4258

**ATTORNEYS FOR DEFENDANTS
SORENSON COMMUNICATIONS, INC. AND
CAPTIONCALL, LLC**

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 20, 2015 a copy of the foregoing pleading was served electronically, via CM/ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

/s/ *Harper S. Batts*