NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ULTRATEC, INC., CAPTEL, INC.,**
*Plaintiffs-Appellants*

v.

**CAPTIONCALL, LLC, SORENSON COMMUNICATIONS, INC.,**
*Defendants-Cross-Appellants*

_____

2015-1694,-1759,-1760

_____

Appeals from the United States District Court for the Western District of Wisconsin in No. 3:13-cv-00346-bbc, Chief Judge Barbara B. Crabb.

-------------------------------------------------------------------------------

**In re: ULTRATEC, INC., CAPTEL, INC.,**
*Petitioners*

_____

2015-137

_____

On Petition for Writ of Mandamus to the United States District Court for the Western District of Wiscon-

sin in No. 3:13-cv-00346-bbc, Chief Judge Barbara B. Crabb.

**ON MOTION AND PETITION**

Before NEWMAN, LINN, and O'MALLEY, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

**O R D E R**

This matter reaches us from the post-judgment phase of a patent infringement suit. The plaintiffs in this case, Ultratec, Inc. and its sister company CapTel, Inc. ("Petitioners"), filed suit against their competitors, Sorenson Communications, Inc. and CaptionCall, LLC ("Respondents"). Petitioners tried 13 infringement claims to a jury. In October 2014, the jury found in favor of Petitioners and assessed damages of 44 million dollars for past infringement.

In March 2015, while the parties were briefing various post-judgment motions, the Patent Trial and Appeal Board, in a parallel *inter partes* review, issued eight final written decisions invalidating all but one of the patent claims tried.[1] At that point, although it had previously rejected such relief twice before, the district court granted a stay of the litigation pending a final *inter partes* decision on the validity of all the claims-in-the-suit, including the exhaustion of any appeals.

While there had been significant progress made in the case, the district court explained that a review of the 14

---

[1] The statutory deadline for the Board's final written decision on the remaining claim is December 4, 2015.

post-verdict motions, which covered "almost every contested issue in this case, including infringement, invalidity, and damages," led it to conclude that a stay "would provide important guidance from the patent office, simplify the case, avoid needless waste of judicial resources and prevent inconsistent results between *inter partes* review and this litigation." *Ultratec, Inc. v. Sorenson Comm'ns, Inc.*, No. 3:13-cv-00346-bbc, slip op. 7-8 (W.D. Wisc. May 13, 2015). And, concluded that "the potential benefits of a stay outweighed any potential prejudice to plaintiffs at this time," *id.* at 11. Petitioners then appealed to this court and filed a petition for a writ of mandamus.[2]

We first consider our jurisdiction; and in doing so, conclude that our authority to hear this case extends only to Petitioners' request for mandamus relief. It is well established that stay orders are not ordinarily immediately appealable. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277-78 (1988); *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1354 (Fed. Cir. 2011). While there are certain exceptions to this general rule, Petitioners have not established that any apply here.

Appeals from an order granting a stay are permitted if it has the effect of putting the plaintiff "effectively out of court." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983). It has not been shown in this case, however, that the stay has the effect of "surrendering the federal action to state court or to an administrative body." *Spread Spectrum Screening*, 657 F.3d at 1355; *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341-42

---

[2] Respondents also filed a notice of appeal but explained that they were doing so only out of precaution and did not believe that this court had jurisdiction over any of the appeals.

(Fed. Cir. 1983) ("stays to enable reexamination do not foreclose review on the merits by a federal court.").

An appeal is also allowed from an order granting a stay if it has the "practical effect of granting or denying injunctions and ha[s] serious, perhaps irreparable, consequence." *Gulfstream Aerospace*, 485 U.S. at 287-88 (internal citation and quotation marks omitted); *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 846 (Fed. Cir. 2008). But the papers submitted do not point to any specific evidence of such consequence; nor is it clear that the district court's actions effectively mooted or amounted to a refusal to act on Petitioners' motion for a permanent injunction. *Id.*

Finally, Petitioners assert that they may appeal under the collateral order doctrine. But this "'small class' of collateral rulings" insist upon "*important* questions separate from the merits" being lost absent an immediate appeal, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (citations omitted), and Petitioners do not offer why the ruling here is "important" in the relevant sense or cite authority that a stay order satisfies the conditions of the collateral order doctrine. We therefore dismiss the above-captioned appeals and consider the matter appropriate for mandamus review.

Turning to the merits, we consider Petitioners' arguments that the stay was improper in light of several established background principles. First, a district court is given considerable leeway in the exercise of its judgment in granting a stay, which calls for the weighing of "competing interests and maintain[ing] an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted) ("When and how to stay proceedings is within the sound discretion of the trial court.").

Second, guidance from related PTO proceedings can play a critical role in determining whether to stay proceedings. *See VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307 (Fed. Cir. 2014); *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998) ("The stay was justified in that case because the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.").

Third, in addition to the highly discretionary review of stay rulings, Petitioners here are seeking mandamus relief, a "drastic" remedy to be invoked in "extraordinary situations" amounting to a "judicial usurpation of power," *Kerr v. U.S. Dist. Ct. for the N. Dist. Cal.*, 426 U.S. 394, 402 (1976) (internal quotations and citations omitted), or a "clear abuse of discretion." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953); *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988).

Applying these principles, we conclude that the district court's stay ruling did not amount to a "clear abuse of discretion." The extent of remaining post-judgment motions in this case plausibly favors a stay, as does the state of the *inter partes* review proceedings. Indeed, the Board did more than conclude that it is likely to find all of the claims invalid; it has already ruled that all but one of the claims are anticipated, obvious, or both. Given these facts, the district court could reasonably have concluded a stay would simplify the rest of this litigation, conserve resources, and eliminate inconsistent results.

Petitioners suggest the advanced stage of this litigation demands a more compelling reason for a stay. But they cite no authority that precludes a district court from staying proceedings once a jury has rendered a verdict, while the district court and Respondents cite contrary cases. *See, e.g., Standard Havens Prods., Inc. v. Gencor*

Case: 15-1646    Document: 25    Page: 6    Filed: 06/30/2015
Case: 3:13-cv-00346-bbc   Document #: 896   Filed: 06/30/2015   Page 6 of 7

6                                                      IN RE: ULTRATEC, INC.

*Indus., Inc.*, 996 F.2d 1236, 1993 WL 172432 at *1 (Fed. Cir. 1993) (unpublished) (reversing and directing district court to grant a stay of damages and injunction proceedings pending appeal of PTO reexamination after jury had rendered its verdict).

The authority cited by Petitioners, *Cherokee Nation*, is a very different case. There, the United States Court of Federal Claims issued a stay of "an indefinite duration," pending an unknown number of yet uninitiated quiet title actions against numerous third parties that could have taken decades to resolve. 124 F.3d at 1415-17 (quotation omitted). We faulted the trial court for staying the matter without weighing the countervailing costs to the plaintiffs. *See id.* at 1418. Such is not the case here. The district court considered all relevant interests; and its stay is limited to the related *inter partes* review between the parties that will be resolved within a finite time period.

Petitioners argue the district court clearly erred in concluding that the benefits of a stay outweigh any prejudice to Petitioners. But, we see no reason to second guess the court's conclusion. From Petitioners' perspective, the district court should not have stayed proceeding because the parties are direct competitors entitling them to injunctive relief. The district court, however, could reasonably have concluded, in light of the evidence, that the force behind this argument is diminished by the Board's final written decisions invalidating the patent claims and the fact that at no time prior to the jury's verdict did Petitioners seek to enjoin Respondents from the market. *See VirtualAgility*, 759 F.3d at 1319.

In sum, the district court was faced with a host of uncertainties surrounding how to maximize the use of judicial and litigation resources and how to make the parties whole. The legal standards governing review of stay rulings leave much to district court's discretion,

allowing for a range of choice in weighing the factors that bear on this exercise. And, here, after careful consideration, we conclude that the district court's judgment falls within that range of choice.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) The appeals are dismissed.

(3) All pending motions are denied as moot.

(4) Each side shall bear its own costs.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s19

ISSUED AS MANDATE: June 30, 2015