IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULTRATEC, INC., and CAPTEL, INC.,

                      Plaintiffs,

    v.

SORENSON COMMUNICATIONS, INC., and
CAPTIONCALL, LLC,

                      Defendants.

OPINION & ORDER

13-cv-346-bbc
14-cv-66-jdp

---

Maschoff Brennan Laycock Gilmore Israelson & Wright, PLLC, filed identical motions to modify the protective order in these two patent infringement cases so that one of its attorneys, Adam Smoot, may participate in the prosecution of patent applications related to the subject matters of the patents-in-suit, including patent work for defendants in these cases. Dkt. 919 in the '346 case; Dkt. 764 in the '66 case.

The protective order bars attorneys who received material marked "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY—PROSECUTION BAR" from supervising or participating "in the drafting, filing, or prosecuting of patent applications related to the subject matter of the patents-in-suit," among other things, until one year after the final resolution of the litigation, including appeal. Dkt. 66-1, ¶ 6 in the '346 case; Dkt. 23-1, ¶ 6 in the '66 case. Everyone agrees that Smoot meets this definition. He was formerly employed at the law firm of Baker Botts, LLP, and while he was at that firm he was counsel of record for defendants in the '346 case from October 14, 2014, until June 12, 2015, and he also worked on the '66 case during that time.

Defendants do not oppose Maschoff Brennan's motion, but plaintiffs do. When resolving a motion to modify a protective order, the court considers "(1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 565 (7th Cir. 2018) (quoting *Chi. Mercantile Exch., Inc. v. Tech. Research Grp., LLC*, 276 F.R.D. 237, 239 (N.D. Ill. 2011)). The party seeking modification bears the burden of showing good cause. *Id.* at 566. Where, as here, the "protective order is agreed to by the parties before its presentation to the court, there is a higher burden on the movant to justify modification." *Id.* at 567 (quoting *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 597 (7th Cir. 1978)).

Maschoff Brennan has not shown good cause. It focuses on the lack of prejudice to plaintiffs, but it does not explain why it needs the prosecution bar lifted as to Smoot other than citing some unspecified hardship. Even in its reply brief (which the court will grant it leave to file), it does not cite or attempt to meet the four-factor test articulated in *Heraeus Kulzer*—rather, it cites Wisconsin cases concerning covenants not to compete. The protective order is not akin to a covenant not to compete—Smoot is free to participate in patent prosecution and litigation generally, he just can't prosecute patents related to the subject matters of the patents at issue in these two cases, at least not in the immediate future. And as Maschoff Brennan recognizes, Wisconsin law does not govern modification of the protective order.

ORDER

IT IS ORDERED that:

1. Intervenor Maschoff Brennan Laycock Gilmore Israelsen & Wright, PLLC's motion for leave to file a reply brief, Dkt. 930 in the '346 case and Dkt. 775 in the '66 case, is GRANTED.

2. Intervenor's motion to modify the protective order to partially lift the prosecution bar, Dkt. 919 in the '346 case and Dkt. 764 in the '66 case, is DENIED.

Entered March 14, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge